## FARRAR et al. v. YANKTON LAND & INVESTMENT COMPANY et al.

Rev. Code Civ. Proc. § 294, provides that, when the exception is to the verdict or decision on the ground of the insufficiency of the evidence to justify it, the objection must be stated with so much of the evidence of other matter as is necessary to explain it, and no more, and that only the substance of the reporter's notes of the evidence shall be stated. Sections 296 and 303 make it the duty of the judge in settling a bill or statement to strike out all redundant and useless matter. **Held**, that where no attempt was made to comply with the statute, notwithstanding the attention of counsel for appellants and of the court was called thereto by timely and proper objections, respondents were entitled to have a purported bill of exceptions or statement of the case consisting of the stenographer's transcript of the proceedings, replete with redundant and immaterial matter, etc., stricken from the record.

Smith, J., dissenting.

(Opinion filed, Sept. 4, 1909.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by John J. Farrar and another against the Yankton Land & Investment Company, a corporation, and others. Judgment for plaintiffs, and defendants appeal. Respondents' motion to strike from the record a bill of exceptions or statement of the case granted.

*Holman & Janousek*, for appellants. *Charles W. Brown*, for respondents.

HANEY, P. J. Respondents move to strike from the record what purports to be a bill of exceptions or statement of the case, for the reason, among others, that the statement as proposed and allowed was simply the stenographer's transcript of his notes of the proceedings with an assignment of errors appended thereto. The

instrument purporting to be a statement of the case is simply the
stenographer's transcript of the proceedings with all the redundant,
irrelevant, and immaterial matter usually found in such transripts.
It is replete with such useless matter as the following: "By Mr.
Wood: Q. Where do you reside, Mr. Tripp? A. At Yankton, S.
D.  Q. What is your business or profession?  A. Engaged in the
practice of law.  Q. How long have you resided there?  A. I have
resided at Yankton over 20 years.  Q. Of what firm are you a mem-
ber?  A. Member of the firm of Gamble, Tripp & Holman—Robert
J. Gamble, Robert B. Tripp, and John Holman.  Q. Are you ac-
quainted with the plaintiffs, Farrar & Jepsen?  A. Yes, sir.  Q.
Now, was there a time, Mr. Tripp, during last year, when Mr.
Farrar, together with certain other parties to this action, were
present in your office?  A. Not last year; this year.  Q. About
what date was it?  A. I would say it was about the middle or about
the 18th or 19th of January of this year.  Q. And was Mr. Alex-
ander, a witness, here, was he present at that time?  A. Yes, sir.
Q. Will you state whether at that time you had any conversation
with Mr. Farrar and these other parties, or whether a conversation
was had in your presence relative to the matter now in litigation?
A. I would say that this particular case was not under discussion.
Q. Did the conversation have reference to the alleged cause of ac-
tion or the transaction relative to the purchase and sale of the Jay
ranch?  A. Yes, sir; more particularly with reference to the pur-
chase of the Jay ranch, and how much had been paid.  Q. Give that
conversation as you remember it."

"No particular form of exception is required, but when the ex-
ception is to the verdict or decision, upon the ground of the in-
sufficiency of the evidence to justify it, the objection must specify
the particulars in which such evidence is alleged to be insufficient.
* * * The objection must be stated with so much of the evidence
of other matter as is necessary to explain it, and no more.  Only
the substance of the reporter's notes of the evidence shall be stated."
Rev. Code Civ. Proc. § 294.  "It is the duty of the judge, in set-
tling a bill to strike out of it all redundant and useless matter so
that the exceptions may be presented as briefly as possible."  Id.
§ 296.  "It is the duty of the judge in settling the statement to

strike out of it all redundant and useless matter, and to make the statement truly represent the case, notwithstanding the assent of the parties to such redundant or useless matter, or to any inaccurate statement." Id. § 303. In this case no attempt was made to comply with the statute, notwithstanding the attention of counsel for appellants and of the court was called thereto by timely and proper objections. It readily will be conceded that the trial court in the exercise of a sound legal discretion should be allowed considerable latitude in determining what is necessary to properly present the exceptions in each particular case, but this does not justify an entire disregard of the requirements of the statute. Counsel for appellants insists that everything contained in the stenographer's transcript should be incorporated into the bill of exceptions or statement, leaving appellant to print so much thereof as he may deem necessary, a practice which has frequently been condemned by this court, and which usually devolves upon its judges the labor of reading the entire transcript with all its redundant, irrelevant, and useless matter in order to decide upon the issues raised by an additional abstract. Whatever may be the relative merits of these different methods of procedure, whether the labor of eliminating redundant and useless matter should be performed by the judges of this court or by the trial judges, need not be considered. It is enough that the duty has been imposed by law upon the latter, and its proper performance should be insisted upon so long as the statute remains unchanged. Having several times heretofore suggested to the profession that the law relating to this subject should not be ignored, and, as timely objection was interposed to the method pursued, this is a case in which effect should be given to a long-established and, as we think, highly commendable, rule of procedure.

The motion to strike is granted.

SMITH, J., dissenting.