## STATE v. McCALLUM.

Code Cr. Proc. § 426, provides that the bill of exceptions must contain so much of the evidence only as is necessary to present the questions of law on which the exceptions were taken, and that the judge must on the settlement of the bill strike out all other matters. **Held,** that where there was no attempt to comply with the statute, the purported bill being merely a transcript of the stenographer's notes, with a certificate of the trial judge attached thereto by stipulation of counsel, and all the testimony bearing on the assignments of error could have readily been condensed into one-tenth of the contents of such purported bill, the same would not be recognized as a bill of exceptions, though no objection was made either in the trial or in the Supreme Court.

Supreme Court rule 12, providing the form of abstract in criminal cases, directs counsel to set out so much of the bill of exceptions or statement as is necessary to show the rulings to which exceptions were taken, and to epitomize the evidence so as only to present the matter as to which error is alleged. **Held,** that where the abstract contained 17 or 18 pages of immaterial matter, and was practically a complete copy of a purported bill of exceptions consisting of a transcript of the stenographer's notes, the abstract would not be considered.

(Opinion filed, Sept. 20, 1909.)

Appeal from Circuit Court, Butte County.   Hon. W. G. RICE, Judge.

*La Fleiche* & *Simons, William V. Allen,* and *William L. Dowling,* for appellant.  *S. W. Clark, Atty. Gen., C. D. Sterling, Asst. Atty. Gen.,* and *John R. Raish, State's Attorney,* for the State.

WHITING, J.  The defendant and appellant herein was informed against by the state's attorney in the circuit court and charged with the commission of a crime.  He was tried and convicted, and has appealed his cause to this court.

An examination of the purported abstract herein shows the following facts:  There was absolutely no attempt to settle a bill of exceptions, such as contemplated by section 426 of the Code of Criminal Procedure.  It appears that a transcript was secured from the stenographer, and, under stipulation of counsel, the trial judge attached a certificate to such transcript, attempting, by so doing, to convert such transcript into a bill of exceptions; furthermore, the abstract, instead of being a condensed statement of such parts of the purported bill of exceptions as counsel might think import-

ant to be brought to the attention of this court, is outside of the copy of the information and the plea thereto and the verdict and proceedings after verdict, nothing more nor less than a complete copy, word for word, of the said purported bill of exceptions.

In the case of Farrar et al. v. Yankton Land & Investment Co. et al., [122 N. W. 585] very recently before this court, the decision of which is not yet officially reported, there was a similar purported bill of exceptions, and upon motion of respondents this court struck the same from the record therein. We desire at this time to re-iterate everything that was said by this court through its presiding judge in the determination of said case, and refer the bar of this state to such case, and ask that it give the same a careful reading.

But in the case now before us there arises the further question: Shall this court recognize as a bill of exceptions a paper that in no sense is a bill of exceptions, especially where it is perfectly plain that there was no intent to, or attempt to, comply with the specific provisions of the statutes of this state in regard to the making of bills of exceptions, when, as in the case at bar, no objection to such method of procedure has been made either in this court or the lower court? In order that there may be no further chance for misunderstanding as to the position of this court in regard to its rights and the duties of counsel and the trial court, we desire to announce that this court does not consider itself in any wise bound to treat such a paper as a bill of exceptions, and refuses so to do. Let it be understood that this court does not attempt to lay down any hard and fast rule as to what shall be a proper bill of exception where such bill has been prepared with an effort and apparent intent to comply with the statute. That it may be understood how flagrant a case the present one is, we would say that there was no assignment to the effect that the evidence is insufficient to sustain the verdict, and yet, although there appears to be 918 questions and answers in said record, the last assignment, in any way referring to the introduction of testimony, relates to question No. 751, thus leaving some 17 or 18 pages to be found in such abstract, copied from such purported bill of exceptions, that could by no stretch of imagination have anything what-

ever to do with this appeal. There are some 20 assignments of
error touching the rulings on the admission of testimony, and all
of the testimony in any way bearing upon such assignments could
have readily been condensed into one-tenth of the contents of the
purported bill of exceptions. We know there is quite a sentiment
in favor of substituting the stenographer's transcript for present
bill of exceptions as provided by statute; but, no matter how meri-
torious such legislation might be, it is the duty of the bar to com-
ply with the law as it is now until the Legislature may see fit to
change it.

This case is different from Farrar et al. v. Yankton Land &
Investment Co., supra, in that here there was no attempt to con-
dense the purported bill of exceptions when preparing appellant's
abstract. Rule 12 of this court, which was adopted in 1891, pro-
vides the form of abstract for both civil and criminal cases, and in
the part of such rule, which relates to the matter now under con-
sideration, it is directed that counsel shall "set out so much of
the bill of exceptions or statement as is necessary to show the rul-
ings of the court to which exceptions were taken during the prog-
ress of the trial, and if the evidence, or any part thereof, be em-
braced in the bill of exceptions or statement, epitomize the same
carefully, so as only to present the matter in regard to which error
is alleged." It will thus be seen that, not only was there disregard
of the statute in relation to settlement of bills of exception, but
that appellant utterly disregarded such rule of this court and a rule
which all must concede not only to be absolutely fair and reason-
able, but absolutely necessary for proper presentation of cases on
appeal. If counsel will persist in disregarding the statutes of the
state and the rules of the court, their clients must often suffer
through their neglect. There are certain duties incumbent upon
attorneys which they must not expect this court to perform for them,
however much they may like to be relieved therefrom.

We would say that, inasmuch as this was a criminal case, we
have taken the trouble to carefully read the purported abstract
herein, and have considered all of the exceptions taken by appel-
lant, and are convinced that it would be almost an impossibility to
find a case freer from error than was the one at bar, and that the

appellant herein is in no manner prejudiced by our rulings on matters of procedure. Inasmuch as the record contains no assignments of error, except such as are based upon matters contained in the purported bill of exceptions, and no proper abstract being of record, and there being therefore nothing before this court touching the merits of the cause, the motion of the trial court refusing a new trial and the judgment of such trial court herein are affirmed.