## WHALEY et al. v. VIDAL, et al.

Though a bill of exceptions is liable to be stricken out for failure to comply with Code Civ. Pro. § 296, requiring the elimination of unnecessary matter, yet, under Civ. Code, § 2415, providing that acquiescence in error takes away the right to object, one who expressly consents to a redundant bill cannot insist as a matter of right that it shall be stricken out.

In preserving evidence by bill of exceptions, only so much as is necessary to a proper review of the exception affected should be included, and unnecessary repetition should be avoided. Cross-examination not materially affecting that on direct should be omitted. Material undisputed facts should be so stated, without the evidence. The narrative form should be used, except where the question and answer are necessary to understand the exception, or where the two must be taken together to understand the testimony, and where the same testimony is given by more than one witness, only that of one should be given with a statement that that of the others was the same.

A bill of exceptions will not be dismissed for redundancy where it shows that an effort has been made to comply with the statutes and rules requiring omission of useless matters.

Where the assignments of error in the abstract are made by reference to the bill of exceptions on motion for new trial for insufficiency of the evidence, and hence do not contain an assignment of error to the overruling of the motion, the insufficiency of the evidence to support the verdict will not be considered on appeal.

Assignments of error should be placed at the end of the abstract, and should be those specifications relied on in the court below which are intended to be relied on here, and it will be presumed that they correspond with the specifications in the bill of exception.

Where the assignments of error in the abstract are incorporated by reference to the bill of exceptions used on motion for new trial for insufficiency of the evidence, and are so plain that neither the court nor the party can be led astray, it is proper to allow an amendment permitting the appellant to assign as error the overruling of the motion for new trial.

An abstract should not be stricken out if there are any proper assignments of error.

(Opinion filed October 18, 1910.)

Appeal from Circuit Court, Moody County. Hon. Joseph W. Jones, Judge.

Action by Cisworth Whaley and others by Rufus Whaley, their guardian ad litem, against Felix Vidal and others. From a judgment for the plaintiffs, defendants appeal. Motion to strike the appellants' bill of exceptions and abstract from the record and dismiss the appeal. Denied.

*James D. Elliott, George R. Farmer,* and *William G. Porter,* for appellants. *Jordan & Warren* and *A. B. Kittredge,* for respondents.

HANEY, J. This is one of two actions involving the same issues. Plaintiffs were successful in both, the verdict in this case being for $11,500, and for $10,500 in the other. An application for a new trial having been denied in each case, defendants appealed from the judgment and order denying such application. Respondents now move in each case on the same grounds to strike from the record what purports to be a bill of exceptions, to strike from the files of this court appellants' abstract, and to dismiss the appeal.

The purported bill of exceptions is attacked on the ground of redundancy. Failure to comply with the statutory rule requiring the trial judge in settling a bill of exceptions "to strike out all redundant and useless matter so that the exceptions may be presented as briefly as possible" (Code Civ. Proc. § 296), notwithstanding repeated admonitions, having occasioned much unnecessary expense, labor, and delay in the disposition of appealed causes, this court in September of last year several months preceding the settlement of the bill in this action sustained a motion to strike a bill of exceptions in a civil action and refused to review the record in a criminal action, for the reason that the provisions of the statute and rules of this court requiring the exclusion of redundant and useless matter, which, in effect, are the same in both classes of actions, had been disregarded. Farrar v. Investment Co., 122 N. W. 585; State v. McCallum, 122 N. W. 586. Being entirely satisfied with the views then announced, the same action should be now taken unless the present case is distinguishable from those cited. In Farrar v. Investment Co., after stating the provisions of the statute, this court said: "In this case

no attempt was made to comply with the statute, notwithstanding the attention of counsel for appellants and of the court was called thereto by timely and proper objections. It readily will be conceded that the trial court in the exercise of a sound legal discretion should be allowed considerable latitude in determining what is necessary to properly present the exceptions in each particular case. But this does not justify an entire disregard of the requirements of the statute." In the case at bar the record discloses, not only a failure to object, but express consent on the part of the respondents. While assent does not justify the settlement or compel the consideration of a redundant bill, one who has consented to the settlement of such a bill, either expressly or by failing to object, is not in position to insist, as a matter of right, that it be stricken from the record. "Acquiescence in error takes away the right of objecting to it." Civ. Code, § 2415. Such a case involves only the right of this court to protect itself and to expedite its business—a question of discretion to be determined in each instance with regard to the nature of the litigation, the issues involved, and all the attending circumstances. In Farrar v. Investment Co. the instrument purporting to be a statement of the case embraced all of the stenographer's transcript. No attempt was made to condense the evidence, while in this case the bill appears to have been carefully prepared with the evident design of complying with the statute. In this case it was necessary to include all the evidence, as its alleged insufficiency was one ground of the motion for a new trial. This does not mean that every word spoken by each witness, counsel, and the court during the taking of testimony should have been preserved. Appealed causes are not tried de novo in this court. In such cases it rarely, if ever, is called upon to consider the weight of conflicting testimony or the credibility of any witness. It is therefore necessary and proper to preserve only the substance of such testimony as is material to an intelligent review of the exception affected thereby. Unnecessary repetitions always should be avoided. All testimony on cross-examination which does not substantially affect that given on the direct examination should be omitted. Material undisputed facts should be stated as such without giving the evidence by

which they were established.  The narrative form should be employed except where the question and answer are necessary to an understanding of an exception relating to the admission or rejection of testimony, and in those rare and exceptional instances where the true purport of the witness' statement cannot be determined without consideration of the question in connection with the answer.  When two or more witnesses give substantially the same testimony, that of one should be reproduced with the statement that the testimony of the others was the same.  The rule to be observed in settling a bill or statement, as in abstracting a case, is: "Preserve everything material to the question to be decided, and omit everything else."  Supreme Court Rule 7 (124 N. W. vii) ; Rules of Prac., 22 S. D. par. 25.  Nothing will better subserve the interests of litigants in this court than an intelligent and faithful effort to comply with the spirit of this rule.  Though an inspection of the bill in this case compels the conclusion that the evidence might have been condensed more than it was by stating more of it in narrative form and by omitting numerous unnecessary repetitions, this court is aware that careful counsel, properly solicitous of the rights of their clients, are naturally inclined to overestimate the importance of immaterial matters and to be unduly concerned lest something be omitted which might, if inserted, influence the decision of the appellate tribunal, and that in every case there is more or less room for difference of opinion as to what is necessary to the proper presentation of any particular exception.  Recognizing these and other difficulties, and believing that an honest effort was made in this action to comply with the rules relating to the settlement of exceptions, it concludes that the bill should not be stricken from the record.

Before proceeding to consider specific objections to the abstract, it is proper to observe that it contains several unnecessary pages which appellants would not be entitled to include in their taxation of costs and disbursements should they prevail in this court and proper objections be then interposed.  But that is a matter to be considered when it arises, should it ever arise.

It is contended the abstract should be stricken out for the reason that it contains no assignment of errors as required by the

rules of this court. Rule 8, 22 S. D. (124 N. W. viii). The moiton for a new trial was made on the bill of exceptions to which are appended certain specifications of errors in law occurring at the trial and certain specifications of the particulars wherein it is alleged the evidence was insufficient to justify the verdict. These specifications are printed in the abstract, which contains 235 pages, on pages 159 to 183, inclusive. On the last page of the abstract, under the heading, "Assignment of Error," occurs this statement: "The assignment of errors correspond with the specifications of error and insufficiency of the evidence fully set forth in the bill of exceptions herein and are substantially and almost identically the same, and appear also in the grounds for a motion for a new trial, fully set forth herein. The defendants rely upon and will urge all the grounds and assignments therein specified." The specifications of error being part of the bill or statement upon which the motion for a new trial was based do not, of course, mention the ruling on the motion, so it cannot be claimed that the ruling on the motion is assigned as error even by reference. In absence of such assignment, the sufficiency of the evidence to justify the verdict will not be reviewed. Carroll v. Nisbet, 9 S. D. 497, 70 N. W. 634; Manufacturing Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Pierce v. Manning, 2 S. D. 517, 51 N. W. 332. On the hearing of the pending motion, appellants' counsel asked leave to amend the abstract by printing proper assignments of error, including one relating to the ruling on the motion for a new trial should the court conclude the abstract was defective in that respect. Leave to amend by inserting the last-mentioned assignment has been allowed in numerous cases. It should be allowed in this one. Evidently the person who prepared this abstract misconstrued the rules and former decisions of this court. He should not have printed the specifications of error as such, but at the end of his abstract he should have printed as assignments of error in this court such of the specifications relied on in the court below as he intended to rely on in this court, together with the required assignment relating to the ruling on the motion for a new trial. Having done so, this court, in absence of any showing to the con-

trary, would have assumed that the assignments corresponded to the specifications in the bill of exceptions. Thompson v. Railway Co., 26 S. D. —, 128 N. W. 809; Peart v. Railway Co., 8 S. D. 634, 67 N. W. 837; Bailey Loan Co. v. Seward, 9 S. D. 326, 69 N. W. 58. But the defect is one of form rather than of substance. It clearly appears that appellants intended to rely in this court on all the errors specified in the bill of exceptions. The grounds of their attack on the judgment and order appealed from are as readily found by referring to the index appended to the abstract in one part of the abstract as in another. Neither this court nor opposing counsel could have been misled as to the questions intended to be presented by the appeal. No useful purpose would be served by compelling the reprinting of the entire abstract. To do so would incur unnecessary expense and delay. Therefore appellants should be allowed to amend the abstract now on file, upon proper terms, unless some other reason exists for striking it from the files.

The contention that the abstract should be stricken out because many of the specifications in the bill are insufficient, and would be insufficient if printed as assignments of error in the abstract is not tenable. An abstract should not be stricken out if there is one proper assignment therein. When the cause is considered on the merits, that one proper assignment will be reviewed, and all others ignored. Defects in the specifications, as found in the bill of exceptions, cannot be cured by proper assignments in this court. If the abstract in this case, when it shall have been amended, is not supported by the bill of exceptions, an additional abstract will send this court to the original record and its decision will be governed by that record. It follows that respondents' motion should be denied, and that appellants should be allowed, upon proper terms, to amend their abstract by adding thereto such assignments of error as they intend to rely on in this court.

An order conforming to these conclusions will be entered in each case.