WARD et al., Appellants, v. BROWN, Respondent.

(140 N. W. 698.)

1. **Appeal—Evidence—Sufficiency of Objections—Ratification of Lease.**

   In an action by purchaser of a reversion, against a tenant, for possession, involving the validity of a lease and the question of its ratification if made by an unauthorized agent, defendant not having objected to any offered evidence on the ground that it did not tend to prove a written ratification of the lease, nor contend that in law a written ratification was necessary, error, if any, in the admission or rejection of evidence tending to show ratification, was waived by lack of proper objection.

2. **Trial—Directing Verdict—Exceptions—Pointing out Evidence.**

   Exceptions to instructions, that the court should have directed a verdict for plaintiff, and to submission of question of ratification of a lease involved in the issue, for the reason there was no sufficient or competent evidence to support a contrary verdict, but not asking court to direct a verdict, nor pointing out in exceptions to instructions wherein the evidence was incompetent or insufficient, the exception being on ground that there was no evidence that at any regular or called corporate meeting "was there any attempted ratification,"—were not sufficient to raise the question of necessity of a written ratification.

3. **Instructions—Exceptions to Instructions—Law of the Case.**

   Instructions to which no sufficient exception is taken become the law of the case as against appellant.

4. **Assignment of Error—Amendment.**

   A party cannot, either by original or amended assignment of error, present one which conflicts with the corresponding specification of error presented to trial court.

(Opinion filed March 31, 1913.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by E. C. Ward and another against R. F. Brown, to determine adverse claims to realty and for possession thereof.

From a judgment for defendant and an order denying a new trial, plaintiffs appeal. Affirmed.

*Sam H. Wright,* and *T. J. Spangler,* for Appellants.

Grouping objections and exceptions, Nos. 2 and 3, for the purpose of elimination and saving space, we wish to say, in view of the fact that the court ultimately submitted this case to the jury, that the rulings of the court regarding these points were manifestly calculated to create prejudice in the minds of the jury. This contention is obviously correct, when we review the entire record and find that no legal contract,—such a contract as the statute of frauds inhibits, was ever shown to have been made. The conduct of the Court in this regard, not only invaded the rules as announced in Act 29, Charles II, but of our own statute based upon the same general principle, but more comprehensive and restrictive in form. See Sub-division 5, section 1238, Revised Civil Code, and section 1668.

Without waiving any of the assignments of error, each and all of which tend to emphasize our position on this appeal, the writer of this brief desires to say at this time with the utmost deference to the learned Trial Court, that there was not an issue involved in the whole case that should have gone to the jury except that of the *quantum* of damages which the plaintiffs were entitled to recover.

It is strange to the writer of this brief that the Hon. Judge Jones should have ever submitted any issue of fact to the jury in this case. There was no lease shown to have been made between the plaintiffs and defendant. None shown to have been made between the Co-operative Savings & Loan Association. None shown to have been made between Mr. Whitehouse, the receiver, nor anyone else under whom these plaintiffs and appellants claimed. Therefore, what are your Honors going to say about your rulings in the following cases: Jones v. Pettigrew, 25 S. D. 432, 127 N. W. Rep. 538; Shumway v. Kitzman, 134 N. W. Rep. 325.

## IN REPLY.

On page 10 of respondent's brief it is asserted that there is no assignment covering the over-ruling of the plaintiff's motion for a new trial, however, it will be seen by reference to the order following page 118 of our original brief that the making of said or-

der was excepted to, and in Assignment XXIII, folio 350, we expressly raised the question of the sufficiency of the evidence to sustain the verdict, and as will be seen by the notice to respondent at the beginning of this brief, we have requested leave to amend the assignments of error so as to present for review the order of the court refusing a new trial, and to enlarge and make more specific Assignment XXIII, and in support thereof we refer to the same authority cited by respondent—Whaley v. Vidal, 26 S. D., 300.

Assuming that the court will allow the said amendment, we insist that the evidence nowhere, by inference or otherwise, shows that F. A. Kendall ever had any written authority whatsoever from the Co-operative Savings & Loan Association or from the Receiver thereof to enter into a written lease with respondent, and the lease upon which he relies was for the term of ten years from January 1, 1906, as will be seen by reference to pages 86-90 of our original brief, and 79-81 of record.

*Aikens & Judge,* for Respondent.

This court will only consider the errors assigned and the assignments argued in the brief. Narregang v. Brown County, 14 S. D. 257.

The question of the insufficiency of the evidence cannot be considered.

Appellants made no motion to direct a verdict nor did they complain of the order denying their motion for a new trial by assigning the granting thereof as error, neither are there anywhere in the record specifications of the particulars in which it is claimed that the evidence is insufficient; consequently they cannot be heard to say that the evidence was insufficient to justify the verdict. Frye v. Ferguson, 6 S. D. 392; Price v. Manning, 2 Id. 517.

Assignment XVI (pages 112-14), refers to a ruling which, finally boiled down, resolves itself into the stereotyped "incompetent, immaterial and irrelevant" * * * "and hearsay so far as these plaintiffs are concerned." (f. 338). We say the objection is too general and frivolous. Respondent was undertaking to establish the fact that Mr. Kendall was the managing agent of the corporation, that his act was the act of the corporation and the exhibits considered were his reports as such managing agent.

Assignment XIX (page 115) does not show the answer. It is in any event too general and frivolous as it is not true that the records of a corporation are necessarily the best evidence as to who are active officers or agents. The records might not tell the truth while the acts of the officers might, especially as to third persons.

Assignment XXI. (page 116) is frivolous for the reason that it was admitted by respondent that the case should go to the jury when their counsel withdrew their motion to direct a verdict. (See page 52 stenographer's transcript, also respondent's amended abstract).

So we have it here that appellants, having by their omission to request differently and likewise to except to what was given as the law applicable to the facts elicited, adopted the law as laid down as the law of the case, they are bound by it. This court is bound by it in so far as the consideration of this appeal is concerned.

In this case the rule is peculiarly a just one. Appellants move to dismiss their claim for damages for rents. They also make (pp. 70-71, ff. 208-9) and later withdraw a motion to direct a verdict. (Respondent's amended abstract and brief). They present no requests to charge. This case is thus up to the court upon the strongest sort of admission by appellants that there is the sole question of the binding force of the lease in question to be submitted to the jury.

It is quite evident that the exceptions of record were prepared to be used only in case appellants' motion to direct a verdict was denied by the court.

And above all, the law of this case is settled by the instructions to the jury unexcepted to.

WHITING, P. J. Upon the 12th day of February, 1906, the Co-Operative Savings & Loan Association of Sioux Falls, S. D., was the owner of a certain building in the city of Sioux Falls, a part of which building is the subject-matter of this controversy. Upon that date, one F. A. Kendall, purporting to be the agent of said corporation, executed and delivered to the defendant a lease of that part of the building which is the subject-matter of this action, which lease was to run for the period of ten years from January 1, 1906. The property in suit had theretofore been in the possession of defendant, and he continued in possession, af-

ter the receipt of this purported lease, down to the commencement of this action, claiming to hold possession under and by virtue of such lease. A few months after the date of this lease, a receiver was appointed for the above-named corporation. In the latter part of the year 1909, the said receiver, under proper authority, sold and conveyed the whole of said building to the plaintiffs herein who received their conveyance with full knowledge of the existence of the purported lease and its terms. The plaintiffs, claiming the lease to be null and void, demanded possession of that part of the building held by defendant, and, possession having been denied, brought this action to determine the adverse claims to such real estate, and for possession thereof, together with damages for the use and occupation of same. Defendant set up right of possession under the lease above referred to, and plaintiffs replied thereto alleging that Kendall had no written authority to execute said lease, and that the same was void. Upon the trial the court held that, owing to the nature of the defense pleaded, plaintiffs could not maintain their action so far as they sought money damages for the use and occupation of said premises; thereupon plaintiffs asked to dismiss their claim for money relief, which request was granted, and the same dismissed without prejudice to another action therefor. The jury returned a verdict in favor of the defendant; a judgment was entered thereon; motion for a new trial denied; and this appeal taken from the said judgment and order denying a new trial.

Respondent has presented a motion asking that the appeal herein be dismissed, and attacking the sufficiency of the original record settled in the lower court and of the printed record upon appeal. We have preferred to disregard such motion and decide the case upon the merits of the appeal as though it were conceded that all questions presented to the trial court were properly presented upon this appeal.

The theory upon which the trial court tried this case and made its rulings is well shown by the following extract from its instructions: "It is the law of this state by statute that, where a lease is made for more than one year by an agent, it must be in writing, and the authority of the agent to make the lease must be in writing also. In this case there does not appear in the evidence any authority for Mr. Kendall to make the lease. If he had any writ-

ten authority, it has not been disclosed or brought to the attention of the court or jury in this case. So that such a lease as this was not a valid lease at the time it was made. It would become valid, if ever at all, by subsequent conduct of the Co-Operative Savings & Loan Association. And the court instructs you, and that is the particular point in this case for your consideration, that it is a question of fact, the conduct of the corporation, the Co-Operative Savings & Loan Association, and its officers, along with their entire relations with Kendall as agent taking care of these properties, for the jury to determine whether or not, after the making of this lease, it was reported by Kendall to the officers and directors of the corporation and approved, ratified, or acted upon by them. Notwithstanding this lease was not made with preceding authority on the part of Kendall, yet if Kendall, acting in his capacity as agent for the renting and care of this and other buildings, was permitted by the corporation to make leases, and employed for the purpose of making leases of the premises and collecting the rents and taking all care of the property for a number of years, reporting his acts in that respect monthly to the managing officers and directors of the corporation, it is a question for the jury to determine, from all the facts in this case, whether or not the corporation—that is, the managing directors or officers of the corporation— were advised of this lease that Kendall made and adopted it without objection and acted upon it, collected the rents upon it, received the rents upon it from Kendall; if they adopted the lease as their own act, and approved it and accepted the rents upon it without objection, then the jury would be authorized to infer that they had ratified this lease. If they ratified the lease, notwithstanding Kendall had no written authority to make it, if they ratified it subsequently, knowing he had made a lease for ten years of the property, then that lease would be binding upon that corporation, as also upon Dr. Brown. Unless they did ratify it—did adopt it as their own—knowing that Kendall had entered into it under assumed authority to act in their behalf, under all the circumstances and conditions disclosed in the evidence in this case, then it would not be a valid lease against them. I think practically the whole question in this case depends upon that fact, whether or not the managing officers and directors of this corporation ratified and adopted this lease."

[1] The appellants have assigned as error numerous rulings of the trial court in the admission and rejection of evidence, each of which we have carefully considered. This evidence, in the main, tended to show one of three things: (1) That Kendall was the general manager of the corporation in charge of the care and renting of its buildings at the time he executed the said lease; (2) that, after the execution of said lease, the directors of said company received the written reports of said Kendall, showing the receipts of rentals from defendant; (3) that plaintiffs purchased said property with full notice and knowledge of the existence and contents of the purported lease under which defendant claimed to hold. At no time during the course of the trial did the appellants interpose any objection to any evidence offered, basing such objection upon the ground that such evidence did not tend to prove a written ratification of the lease; and, during the whole course of the trial, there was no suggestion made by appellants that, under the law, it was incumbent upon defendant to show that the corporation had executed a written ratification of such lease. It is clear that, if there was error in the admission or rejection of evidence, such error was not called to the attention of the court by any proper objection. The appellants moved for a direction of verdict in their favor, but afterwards withdrew such motion.

[2] Four exceptions were taken to the court's instructions, the substance of which was the claim that the court should have directed a verdict upon behalf of the appellants, and not submitted any question of fact to said jury, for the reason that there was no sufficient or competent evidence to support a verdict for respondent; but appellants did not ask for an instruction directing a verdict, nor did they, in their exceptions to such instructions, point out wherein the evidence was incompetent or wherein it was insufficient to sustain a verdict under the law of the case. The nearest that appellants came to raising the question of the necessity for a written ratification, at any time during the whole course of the trial, was in an exception to the instructions wherein they excepted to the court's submitting the question of ratification, "in view of the fact that there is no evidence before the jury that at any regular or special called meeting was there any attempted ratification made."

Appellants' original brief contained no assignment assigning

as error the order denying a new trial, but appellants have asked that we allow to be filed and receive for consideration an additional brief in which such an assignment is set forth.; and, in line with several recent rulings of this court, we grant the request and treat this assignment as though it had been found in the original brief.

[3] Such assignment can avail appellants nothing, for the reason that, there having been no sufficient exceptions to the instructions given by the court, such instructions did, in accordance with the well-established rule in this state, become the law of this case as against the appellants, and, under such law, the evidence was amply sufficient to sustain the verdict.

[4] In the additional brief which appellants have submitted to us, they have asked leave to amend one assignment of error. By this amendment they have so changed the assignment that under it they might fairly urge that the question of the necessity of a written ratification was presented. Appellants cite, as authority for amending such assignment, the case of Whaley v. Vidal, 26 S. D. 300, 128 N. W. 331. This case is not authority for any such proposition. It is authority for the allowance of an additional abstract or brief adding an assignment assigning as error the denying of a motion for a new trial; but this court has never held, and certainly should not hold, that a party may present an assignment of error in this court, either in an original or additional brief, which assignment.conflicts with the corresponding specification of error presented to the trial court. An examination of the original record herein shows that the assignment, as contained in the original brief, exactly agrees with the corresponding specification of error.

Not only upon the trial below, but also in the preparation of their written brief and argument, appellants failed to suggest the necessity of a written ratification of the lease; and the only manner in which this question has been called to our attention was by oral argument and by a lead pencil memorandum on the margin of one page of the brief wherein appellants have cited section 1668 of the Revised Civil Code, which provides: "Sec. 1668. A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or, where an oral authorization would suffice, by accepting or retaining the benefit

of the act, with notice thereof." However much merit there may be in the question thus attempted to be raised, it can avail appellants nothing at this time, for this court must presume that, if proper objection had been made to the introduction of the evidence offered to show ratification of the lease, the respondent would have been able to and would have supplied competent proof to show either that Kendall had been properly authorized to enter into such lease or that, after the lease was executed, the same had been properly ratified in writing.

No reversible error appearing in the record herein, the judgment and order appealed from are affirmed.