DUPREL, Respondent, v. COLLINS, Sheriff, Appellant

(146 N. W. 593.)

1. Appeal—Brief—Presentation of Rulings on Evidence—Admission of Evidence.

Where assignments of error involve error in admission of evidence, held, that the statement in appellant's brief purporting to set out such evidence and which, it is contended, was received over proper objections, should present to the Supreme Court the question, objection, answer, and exception, and the assignment of error based thereon should refer to the

page of the brief where such statement is found; and a brief stating evidence in narrative form, without showing what question was objected to, nor what was the answer thereto, and the only reference in the assignments of error being to the corresponding specifications which, while showing questions, objections, and rulings, did not refer to page in brief where the alleged answer could be found, but only to the page of the settled record, such record not being a file in Supreme Court, failed to prevent a ruling on admission of evidence.

2. Trial—Instructions—Assumption of Fact, Not Involved in Evidence—Pleadings.

In a suit to recover for exempt personalty wrongfully attached and sold under execution, the sole issue being whether plaintiff was in the act of removing from state, held, that an instruction assuming that he was a resident in the state was not erroneous, even if the pleadings raised the issue of his residence at time of attachment, since the evidence raised no such issue, and it was conceded that up to that time he had been such resident.

3. Instructions—Considered as a Whole—Errors—Cure by Other Instructions—"Working on Sympathy of Jury."

Instructions should be considered as a whole; therefore, in a suit to recover for personalty sold under execution, where the sole issue was plaintiff's residence when the property was attached, an instruction that the right to exemptions "is a very sacred right under the laws of the state," not only for the head of family, but for the wife, though outside the issue, was harmless and not objectionable as tending "to work upon sympathy of the jury," where the other instructions fully and correctly covered the issue.

4. Review—Record—Sufficiency of Evidence—Insufficient Specification of Particulars.

Where specifications filed in trial court as part of settled record and appearing in appellant's brief, in no way specified the particulars wherein the evidence was claimed to be insufficient to support the verdict, its sufficiency will not be considered.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Meade County. Hon. WILLIAM G. RICE, Judge.

Action by Andre Duprel against Joseph Collins, as sheriff of Meade County, to recover for personalty alleged to have been wrongfully attached and sold under execution. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

· *Harry P. Atwater,* for Appellant.

Court's instruction assumed evidence to be true.

While there may have been very little testimony showing a residence elsewhere, yet the court had no right to pass upon the contested issue, or assume a fact as proven merely because there was no evidence contradicting the evidence of the plaintiff.   38 Cyc., 1669; Saar v. Follers, et al., 32 N. W. 405; Choctaw O. G.· & R. Co., v. Deperade, 12 Oklahoma 367; 71 Pac. 629.

The instruction: "I claim the right of exemptions is a very sacred right under the laws of the State of South Dakota, not only for the husband or the head of the family, but for the wife and any member of the family under a certain age, has the right to claim exemptions," was excepted to, and was erroneous. 38 Cyc., 1612; Beck v. Trimball, 59 Pac., 412; Railroad Co. v. Loihe, 17 Colo. 280; 29 Pac. 175; Railroad Co. v. Robinson, 6 Colo. App. · 432; 40 Pac. 840.

*James McNenny,* and *Wesley A. Stuart,* for Respondent.

His first five assignments of error relate to the reception of evidence.   The statement in appellant's brief is insufficient to sup port any of these assignments.   The assignments are based upon testimony of Mrs. Duprel.   There are several objections appearing on the record, but the question objected to is not set out, neither is the answer set out, so there is nothing for the court to pass upon, and there is nothing to show that the answer which was sought to be excluded was in any wise prejudicial.

Assignments of error both to and three are cases where the objection is set out in the statement, but neither the question nor the answer, and nothing is set out anywhere except the question in the argument without regard to whether these questions were answered.   They were proper.

Appellant admits there is very little testimony showing a residence elsewhere, and he has failed to point out any evidence, and there is not a scintilla of evidence showing a residence elsewhere.   38 Cyc., 1667; Wright v. Lee, (S. D.) 72 N. W., 895, 897; Bush v Northern P. R. Co., 3 Dak., 444; 22 N. W., 508; Bolte v. Equitable Fire Association, 23 S. D., 240; 121 N. W., 773; Sutton v. Whetstone, 21 S. D., 341; 112 N. W., 850.

The next instruction complained of, to-wit., that the right of exemptions was a sacred right under the laws of the State of South

Dakota, and was intended for the whole family, and that the wife or a minor child in a proper case could claim the exemption is simply an epitome of the statute. Meyer v. Beaver, 68 N. W., 310; 9 S. D., 170; Noyes v. Belding, 5 S. D., 603; 59 N. W., 1069; Eker v. Lindskog, 12 S. D., 432; 48 L. R. A., 155, 81 N. W., 905.

Appellant argues that the evidence was insufficient to support the verdict. This question of insufficiency of the evidence was not in any way presented to the trial court.

WHITING, J. Plaintiff seeks to recover the value of certain personal property which defendant as sheriff, seized under attachment and sold under execution issued in an action wherein plaintiff was defendant. Verdict and judgment being for plaintiff, and a new trial being refused, defendant appealed from the judgment, and from the order denying a new trial.

Appellant assigns errors based upon five certain rulings of the trial court in the admission and rejection of evidence, and upon the giving of two certain instructions; he also assigns the insufficiency of the evidence to support the verdict. The sole question in issue upon the trial of this cause was whether the plaintiff, at the time the property in question was seized under the attachment, was *in the act of removing from this state*. The ownership of the property seized, the value thereof, that plaintiff had been up to that time a resident of this state, and that he made and served upon defendant a good and sufficient claim of exemptions are either conceded or established by undisputed evidence.

[1] The assignments of error, based upon the court's rulings admitting evidence, present no questions of sufficient importance to merit extended discussion thereof; in the case of each ruling, except the last, the objection was either not sufficiently explicit, or else was upon an improper ground. The record wholly fails to present the last ruling. We would call attention to the method employed for presenting these rulings. The statement of the case contained in appellant's brief gives the evidence in narrative form; not a question appearing therein. In several places the narrative is broken into by the insertion of purported objections, rulings, and the noting of exceptions. From the statement itself one could determine neither the question that was objected to nor how much of the preceding recital of evidence was contained in the answer

given to the question. Each of the assignments of error contains no reference to the question, objection, or answer, but refers, for record of the grounds for the assignment, to the corresponding specification of error. Each specification contains the question objected to, the objection, and the ruling, with no reference to the page of the brief where the alleged answer to the question will be found, or to the name of the witness of whom the question was asked; the only reference, either in the assignment or the specification, being to the page of the settled record, which settled record is not a file of this court. By comparing the questions and objections, as contained in the specifications of error, with the narrative statement and alleged objections set forth in the statement of the case as found in the brief, we have been able, with reasonable certainty, to determine what parts of the narrative statement were called out by the several questions referred to in such specifications. With the single exception of the question referred to in specification No. 5, we can find nothing in the narrative statement that would seem to have any connection whatsoever with the question referred to in such specification. Certainly that portion of the statement which purports to set out evidence which, it is contended, was received over proper objections should present to this court the question, objection, answer, and exception, and the assignment based thereon should refer us to the page of the brief where such statement will be found.

[2] Appellant assigns as error an instruction of the court wherein the court assumed that respondent was a resident of this state. Appellant contends that, under the pleadings, there was raised an issue as to plaintiff's being a resident of the state at the time of the attachment. While it is true such an issue was raised by the pleadings, it is also true that the evidence received presented no such issue.

[3] Appellant complains of the following instruction: "I claim the right of exemptions is a very sacred right under the laws of the state of South Dakota, and not only for the husband or the head of the family, but for the wife, and any member of the family under a certain age has the right to claim exemptions." Appellant claims that this instruction wrongfully assumes that the plaintiff had a right to exemptions; that it raises a question which was

not an issue, namely, the right of the wife to claim exemptions; and that it had a tendency to work upon the sympathy of the jury. As hereinbefore stated, the sole question for the determination of the jury was whether or not, at the time the goods in question were seized under the attachment, the plaintiff was in the act of removing from this state. The instructions must be considered as a whole. From such instructions it was made clear to the jury that plaintiff was entitled to the exemptions if he was not in the act of moving from the state, and that he was not entitled to such exemptions if he was in the act of moving from the state at the time the property was seized by defendant. While the issues herein presented no question of the right of plaintiff's wife to claim exemptions, yet reference to that fact could not possibly have prejudiced appellant, in view of the very clear and full instructions directing the jury to the only question in issue. Neither do we think the instructions as a whole, were such as tended "to work upon the sympathy of the jury." Again we must consider the instructions as a whole, and, while such instructions impressed upon the jury the right which plaintiff had to his exemptions, providing he had not forfeited such right, and the sacredness of such right, such instructions fully advised the jury that this right, sacred though it may have been, was forfeited by the plaintiff if, at the time the property was taken from him by appellant, he was in the act of removing from this state.

[4] Appellant questions the sufficiency of the evidence to support the verdict, but the specifications, filed in the lower court as a part of the settled record and appearing in the brief, in no manner specify the particulars wherein the evidence is claimed to be insufficient to support such verdict.

The judgment and order appealed from are affirmed.