DEWEY, Appellant, v. CHICAGO, B. & Q. R. Co., Respondent.

(152 N. W. 104.)

(File No. 3656.    Rehearing granted April 6, 1915.)

1.  **Appeal—Error—Record—Brief, Sufficiency—Evidence in Stenographic Form—Omission of Necessary Evidence—Rules and Statute—Emphatic Rule Requiring Condensation of Evidence—Rejection of Brief of Facts.**

    Laws 1913, Ch. 172, and also the Rules of the Supreme Court of this state, as well as the former Territory of Dakota, declare and require that the brief should contain a clear, concise, and condensed statement of the contents of such parts of the settled record as may be necessary to present the errors assigned and to show that they are prejudicial, such rules of court having always required, in italicized language, that appellant "preserve everything material to the question to be decided, and omit everything else," other rules requiring that such record shall contain an "abridgement or abstract of the record * * * , setting forth so much thereof only as is necessary to a full understanding of all the questions presented to the court

for decision," and that "if the evidence, or any part thereof, be embraced in the bill of exceptions, or statement [now settled record], epitomize the same carefully so as to present only the matters in regard to which error is alleged." **Held,** that where appellant's record embraced the whole evidence in the form of a stenographic transcript, yet omitted a plat which was received in evidence and without which much of the testimony became unintelligible, and therefore should have been wholly eliminated from the record, the Supreme Court will, especially in view of the fact that appellant did not ask for leave to file a new brief, disregard all of appellant's brief purporting to set forth a transcript of evidence, and the appeal will be determined as though such parts of said brief were eliminated.

2. Appeal—Error—Brief—Rules of Court, Disregard of—Court's Disregard of Brief, or Requirement of Proper One.

Where a brief fails to comply with an imperative rule of Court requiring, as to evidence, that appellant shall "preserve everything material to the question to be decided, and omit everything else," but contains the entire evidence as transcribed by the stenographer, yet omitted a plat received in evidence and without which much of the testimony became unintelligible, **held,** that the Supreme Court will, in a proper case, reject the improper portions of the brief, and either determine the case upon the questions, if any, presented by the remaining portion of the brief, or will require a proper brief to be prepared and filed.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Action by Frances B. Dewey against the Chicago, Burlington & Quincy Railroad Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*H. E. Dewey,* for Appellant.

*Kellar & Stanley,* for Respondent.

(1) Under point one of the opinion, Respondent cited: Whaley v. Vidal, 128 N. W. 331 (S. D.); Morris v. Stanley County, 128 N. W. 153 (S. D.); State v. Cullom, 23 S. D. 528; Hepner v. Wheatley, 144 N. W. 923 (S. D.) Donahoe v. Adebar, 149 N. W. 175 (S. D.).

PER CURIAM. The printed record herein presents a question of practice upon which it would seem that the attorneys of this state should have long since been fully advised, if not through a reading of the statutes of this state and the rules of

this court, then certainly through a reading of those decisions of this court wherein such question has been considered.

[1] In every code of rules promulgated by this court from the year 1891 down to the present day there is to be found one sentence which has always been considered of such importance that, in every copy of such rules printed under the direction of this court, such sentence, and that one alone, is emphasized by being printed either in italics or capitals. Such rules all declare that, in setting forth the record upon appeal, whether in a separate abstract as under the former practice, or in the brief as under the present practice, the attorney shall *"preserve everything material to the question to be decided, and omit everything else."* Another provision of the rules of this court in force prior to the 1913 rules was that the printed record upon appeal should contain an "abridgment or abstract of the record in the cause, setting forth so much thereof only as is necessary to a full understanding of all the questions presented to this court for decision," or, as stated in the 1913 rules, the language being copied from chapter 172, Laws 1913, it should contain "a clear, concise, and condensed statement of the contents of such * * * parts of the settled record as may be necessary to present * * * to this court the errors assigned and to show that they are prejudicial to appellant, setting forth so much thereof only as is necessary to a full understanding of all the questions presented to this court for decision." Furthermore, the rules of this court, from territorial days down to the present, have always provided that "if the evidence, or any part thereof, be embraced in the bill of exceptions, or statement [now settled record] epitomize the same carefully so as to present only the matter in regard to which error is alleged." That the above provisions were in force in territorial days is seeen from the following statement found in the opinion in Fargo v. Palmer, 4 Dak. 232, 29 N. W. 463:

"And it may not be out of place here to call attention of practitioners to the fact that the abstract provided for by the rules of this court means what its name imports—an abstract or abridgment of the transcript."

While an observance of these rules tends to lighten the work of this court, it is of vastly more importance to appellants

themselves, in that it may often prevent the merits of an appeal from remaining hidden within a mass of immaterial matter. Certainly it is not only the duty of the attorney who tries a case in lower court to separate the material from the immaterial matter, but, after such separation, he should present to this court in as clear and concise a manner as is possible such material matter and point out its bearing upon the errors assigned. The practitioners before this court have, as a whole, shown both the desire and the ability to comply with the spirit of such rules; yet occasionally there are presented to this court printed records showing either an absolute misunderstanding of, or else an absolute disregard of, such rules. The preparation of the abstract or abridgment of the record for appellant's brief should be governed by much the same rules as properly governed in the preparation of a bill of exceptions or statement of the case under the former practice, which rules were stated as follows by Justice Haney in Whaley v. Vidal, 26 S. D. 300, 128 N. W. 331:

"It is * * * necessary and proper to preserve only the substance of such testimony as is material to an intelligent review of the exception affected thereby. Unnecessary repetitions always should be avoided. All testimony on cross-examination which does not substantially affect that given on the direct examination should be omitted. Material undisputed facts should be stated as such without giving the evidence by which they were established. The narrative form should be employed except where the question and answer are necessary to an understanding of an exception relating to the admission or rejection of testimony, and in those rare and exceptional instances where the true purport of the witness' statement cannot be determined without consideration of the question in connection with the answer. When two or more witnesses give substantially the same testimony, that of one should be reproduced with the statement that the testimony of the others was the same. The rule to be observed in settling a bill or statement, as in abstracting a case, is: 'Preserve everything material to the question to be decided, and omit everything else.' * * * Nothing will better subserve the interests of litigants in this court than an intelligent and faithful effort to comply with the spirit of this rule."

Perhaps the most flagrant disregard of our rules that has

heretofore been disclosed by any record upon appeal was disclosed by the appellant's brief in the case of State v. McCallum, 23 S. D. 528, 122 N. W. 586, wherein the printed record upon appeal contained a verbatim copy of the stenographer's transcript of the evidence. In that case this court held that, owing to the condition of such printed record, the merits of such appeal were not before this court. In Morse v. Stanley County, 26 S. D. 313, 128 N. W. 153, it was suggested that it might be the court's bounden duty, when a printed record revealed an utter disregard of the rules and decisions of this court, to ignore the same, and to treat the appeal as though no abstract was on file. In Dring v. Township, 31 S. D. 197, 140 N. W. 246, it was stated that thereafter this court would, "whenever, in its opinion, the condition of the record presented demands so doing, reject such record, and either dismiss such appeal or require a proper record to be prepared and filed." Upon the appeal now before us, appellant has served and filed a brief wherein, as in State v. McCallum, the stenographer's transcript of the evidence, including all introductory matter therein, and the certificate of the stenographer attached thereto, has been reproduced word for word. Upon the other hand, counsel have omitted from such brief a certain plat which was received in evidence, without which much of the testimony received becomes absolutely unintelligible, and therefore should have been wholly eliminated from the record. The record before us on this appeal is on all fours with that in the case of Donahoe v. Adebar, 149 N. W. 175, decided since this appeal was taken, and wherein we rejected the appellant's brief and affirmed the judgment, although in that case the respondent did not question the sufficiency of the appellant's brief, while in the case now before us respondent, in its brief, called attention to the condition of appellant's brief, and contended that such brief "should be disregarded and the appeal dismissed," and it cited, in support of such contention, several decisions of this court, among them being State v. McCallum, supra, and Morse v. Stanley County, supra. Appellant, when her attention was thus called to the alleged defects in her brief, instead of asking leave to file a proper brief, contended, in her reply brief, that, under the holding of this court in Duprel v. Collins, 33 S. D. 365, 146 N. W. 593, she was required to set the testi-

mony forth by question and answer. Certainly there is nothing in that opinion to justify any such conclusion. In that case appellant assigned as error certain rulings of the court in the admission of evidence; yet the abstract of the record, as the same appeared in the brief, failed to set forth a single question objected to, the objection interposed, the ruling, or the answer. The words above quoted from Whaley v. Vidal are directly in point:

"The narrative form should be employed except where the question and answer are necessary to an understanding of an exception relating to the admission or rejection of testimony. * * *"

Under appellant's specifications, as well as assignments of error, it would appear that there were some seven or eight rulings touching the admission of evidence which are complained of. To understand such rulings it was essential that in each instance the particular question asked, the objection interposed, the ruling made, and the answer, if any, be found in the brief, but this did not require the reproducing, in the form of question and answer, of all the remainder of the testimony. Following the former holdings of this court, and especially in view of the fact that appellant did not ask for leave to file a new brief, all that part of appellant's brief which purports to set forth the transcript of the evidence—being pages 39 to 107—must be, and is, disregarded, and this appeal will be determined as though such parts of said brief were eliminated therefrom.

[2] We take this opportunity of modifying what we said in Dring v. Township, supra, as quoted above, and to state that, whenever the printed brief presented by an appellant disregards the rules and decisions of this court, this court will, in a proper case, reject the improper portions of same, and either determine the case upon the questions, if any there be, presented by the remaining portions of such brief, or require a proper brief to be prepared and filed.

Nothing said herein should be construed as in any manner conflicting with what was said in Peterson v. Miller, 33 S. D. 397, 146 N. W. 585, but simply as holding that, in setting forth what is essential for a proper consideration of his assignments of error, appellant should never neglect to abridge and condense

his record where it can be done and still-properly present the assignments.

There being nothing properly before us, unless it be the sufficiency of the findings to support the judgment, and, it being clear that such findings do support the judgment, the judgment of the trial court and the order denying a new trial are affirmed.

POLLEY, J., not sitting.