BRUMWELL, Appellant, v. EDE, Respondent.

(152 N. W. 108.)

(File No. 3663.    Opinion filed April 6, 1915.    Rehearing granted
June 19, 1915.)

1.   Appeal—Error—Default Justice's Judgment by Consent, Right of
Appeal—Jurisdiction—How to Raise Question.

The question whether the Circuit Court properly entertained
an appeal from a judgment entered in Justice Court by consent
of defendant, and allowed defendant to serve an answer and
counterclaim, to which plaintiff replied, is not a jurisdictional
question, and plaintiff cannot raise such question for the first
time in the Supreme Court.

2.   Appeal—Error—Record—Assignment of Error, Construction of—
Uncondensed Evidence—Elimination of Immaterial Matter, Ef-
fect.

Where there has been no sufficient attempt to condense the
testimony in a brief, or to eliminate immaterial matter, and
most of the testimony is in the form of question and answer,
assignments of error will not be considered.

Appeal from Circuit Court, Beadle County.   Hon. ALVA E.
TAYLOR, Judge.

Action by F. R. Brumwell against Ernest D. Ede.   From a
judgment for defendant, plaintiff appeals.   Affirmed.

*A. W. Wilmarth,* for Appellant.

*Null & Royhl,* for Respondent.

PER CURIAM.    Plaintiff obtained a default judgment
against defendant in justice's court.   The docket of the justice
contains the following:

"October 11, 1913, defendant announced that he consents to
the entry of a default judgment.   It is hereby and now adjudged
and ordered that plaintiff have judgment against him," etc.

Thereafter defendant appealed from such judgment to the
circuit court.   In the circuit court defendant, by leave of court,
served and filed an answer pleading payment, and also a counter-
claim, to which plaintiff made reply.   There was trial which
resulted in a verdict for defendant upon all the issues.

[1] Plaintiff, the appellant, now for the first time raises in
this court the question that the circuit court erred in entertaining
said appeal, for the reason that it did not have jurisdiction; the
defendant having in justice's court confessed or consented to the
judgment.   We are of the view that it was not a jurisdictional

question, and cannot be raised for the first time in this court.

[2] No other assignments of error will be considered, for the reason that there has been no sufficient attempt to condense the testimony, or to eliminate immaterial matter. Much of the testimony is in the form of questions and answers. What was said in Morse v. Stanley County, 26 S. D. 313, 128 N. W. 153, Rogers v. Penobscot Mining Co., 26 S. D. 52, 127 N. W. 471, Whaley v. Vidal et al., 26 S. D. 300, 128 N. W. 331, applies more strongly to appellant's record in this case.

The judgment and order appealed from are affirmed.