SOLOMON J. RHOADS
v.
THE CITY OF METROPOLIS.

| 36   123 |
| 144s 580 |

*Practice—Res Adjudicata—Presumption—Trespass.*

1.   A judgment for defendant in an action of trespass *quare clausum fregit*, brought against a city for removing soil from a street, in which issue is joined as to whether the street is a public highway or belongs to plaintiff, estops plaintiff from raising the same question in a subsequent prosecution against him for obstructing such street.

2.   Where several issues are submitted, and a general verdict rendered, the presumption is that all the issues were found in favor of the prevailing party.

3.   This presumption may be rebutted by showing that on one or more of the issues no evidence was offered.

[Opinion filed October 8, 1890.]

APPEAL from the Circuit Court of Massac County; the Hon. ROBT. W. McCARTNEY, Judge, presiding.

Appellant was charged with a violation of the city ordinance by unlawfully obstructing a street of the city by the erection of fences across it.   He was convicted in the justice's court and judgment was rendered against him for $10 fine and costs.   He appealed to the Circuit Court and there judgment was rendered against the city for costs.   The city thereupon sued out a writ of error from this court, and we reversed that judgment and remanded the cause at the February term, 1889, holding the judgment referred to in the stipulation hereinafter mentioned ought to have been admitted in evidence on behalf of the city.   Upon being redocketed the cause was tried by the court upon a stipulation and judgment for $10 and costs was rendered against defendant, to reverse which he took this appeal.

The stipulation is as follows: *"It is agreed and stipulated* by and between the parties to the above entitled suit, which

is a prosecution for the recovery of a penalty for the violation of a city ordinance in obstructing a street within said city, that the same shall be tried upon the following agreed state of facts: It is agreed that in the year 1885, the above named defendant brought an action of trespass *quare clausum fregit* against the City of Metropolis for removing the soil from the alleged street and grading the same. To this action of trespass the city pleaded: 1st. The general issue, with notice that evidence would be offered under the general issue to prove that the *locus in quo* was a public highway within the corporate limits of the city. 2d. The statute of limitations. 3d. That the *locus in quo* was the property of the city. Issue was taken on all the pleas. Evidence was offered by both parties on all the issues made by the pleadings, and also evidence was offered by both parties under the notice that the *locus in quo* was a public highway within said city. That is to say, under the notice evidence was given to the jury by the city, that the *locus in quo* was a public highway within the city, and that the acts done were in repairing the same. Rhoads gave evidence to the jury that the *locus in quo* was not a public highway. But no evidence was offered by the city under the general issue. The plaintiff, Rhoads, offered evidence to prove the allegation in his declaration. The jury found the defendant in that suit not guilty, and at the April term, 1887, of said court, a judgment was rendered for the defendant on the general verdict of not guilty.

Now, if the above verdict and judgment thereon concludes and estops Rhoads from offering evidence in the present suit to prove that the *locus in quo*, or the alleged street, which is the same identical property in controversy in the trespass suit, is not a public highway, or estops him from proving the property to be the property of himself, then the court is to render a judgment for the City of Metropolis and assess a penalty against Rhoads under the ordinance for $10 and costs. But if such judgment does not operate as an estoppel as above set forth, then, and in that event, the court shall render a judgment in this suit in favor of Rhoads, and assess costs thereon against the City of Metropolis."

Rhoads v. City of Metropolis.

Mr. C. L. V. MULKEY, for appellant.

Messrs. COURTNEY & HELM, for appellee.

GREEN, J.  We adhere to the views expressed in the former opinion, and hold that the verdict and judgment against Rhoads in his suit against the city, estops him from again controverting the right of the city to the street in question.  That suit was between the same parties; the *locus in quo* is admitted to be the identical property in controversy in this case, and the right of the city to the street was the disputed question in the former suit, and that right having been litigated and determined against Rhoads, he should not be permitted to again dispute it.  The authorities cited by us in the opinion referred to, sustain this position.  But on behalf of appellant, it is claimed that the plea of the statute of limitations having been interposed by the city in the former suit, the jury might have found the verdict for defendant on that issue alone, without necessarily determining the other issues in its favor.  And, furthermore, that the title of Rhoads to the property was not in question, as determined in said suit, and hence he ought not be estopped from setting up such title as a defense in this suit.  The stipulation admits that Rhoads took issue on the plea of the city that the *locus in quo* was the property of the city, and that, with all the other issues, was submitted to the jury, and evidence was introduced by both parties on all the issues made by the pleadings.  We understand the law to be, where several issues are submitted and contested, and a general verdict is rendered, the presumption is that all the issues were found in favor of the prevailing party.  Freeman on Judgments, Sec. 272, *et seq.;* Herman on Est. and Res Judicata, Sec. 212, 227; Sheldon v. Edwards, 35 N. Y. Court of Appeals; 8 Tiffany, 288; White v. Simonds, 33 Vt. 178.  This presumption may be rebutted by showing that on one or more of the issues no evidence was offered.  The judgment is affirmed.

*Judgment affirmed.*