## PETERS v. KIRIAKEDES et al.

Any error in allowing questions to a witness was cured; they having in substance been repeated, and answered without objection, in other parts of witness' testimony.

Where an action is commenced before a justice against two persons as partners, and only one of them appears, a judgment of dismissal against plaintiff on the trial disposes of the case as to both defendants, so as to give the circuit court jurisdiction on appeal of plaintiff.

The verdict on conflicting evidence, motion for new trial having been denied, is conclusive on appeal.

(Opinion filed May 10, 1911.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Mary Peters against Gust Kiriakedes and another as copartners. Judgment for plaintiff. Defendant Kirakedes appeals. Affirmed.

*Sam H. Wright,* for appellant. *Jones & Matthews,* for respondent.

CORSON, J. This is an appeal by the defendant Gust Kiriakedes from a judgment entered in favor of the plaintiff and from the order denying a new trial. The action was instituted by the plaintiff in a justice court against the defendants, as copartners, for wages claimed to be due her for services rendered the defendants, as such copartners. Both defendants were served with the summons, but Mike Peters, the codefendant, did not appear or answer in the action. On the trial in the justice court, a judgment of dismissal was entered against plaintiff, and from this judgment the plaintiff took an appeal to the circuit court on both questions of law and fact, and upon a trial had before a jury a verdict was rendered in favor of the plaintiff on all the issues, and thereupon a judgment was entered against both defendants.

[1] It is contended by the appellant that the court erred in not sustaining his objection to certain questions propounded to the defendant Mike Peters and to the plaintiff, who were witnesses upon the trial; but it is disclosed by the record that the questions objected to, as stating conclusions and not facts, were in substance repeated, and answered without objection, in other parts of the testimony of Mike Peters, and hence, assuming, without deciding, that the questions were objectionable in the form they were propounded, they having been substantially repeated and answered without objection, the error of the court, if any, was cured. Erickson v. Sophy, 10 S. D. 71, 71 N. W. 758.

On the return of the verdict of the jury, the attorney for the appellant made the following objection to the entry of the same: "(1) The court never acquired jurisdiction upon the appeal from the justice of the peace; the case as to the defendant Peters not having been disposed of therein. (2) That the verdict is contrary to the law and evidence in the case." The objections were overruled, and appellant assigns the ruling of the court as error.

[2] The contention of appellant that the circuit court never acquired jurisdiction upon the appeal from the justice of the peace is, in our opinion, without merit. The justice court decided the case against the plaintiff, and thereupon the plaintiff appealed to the circuit court, and in that court the jury returned a "verdict finding all the issues in favor of the plaintiff and assessing her damages in the sum of $45," and a judgment was entered against both defendants, the material parts of which are as follows: "It is hereby ordered and adjudged that the plaintiff have and recover from the said defendants the sum of $45, together with costs and disbursements incurred in this action. * * *"

The plaintiff, having been defeated in the justice court, and taking an appeal from the judgment of dismissal by that court to the circuit court, necessarily included in said appeal both of the defendants, and the dismissal of the action as to the defendant Peters, did not affect plaintiff's right to appeal from the decision of the justice, nor in any manner affect the jurisdiction of the circuit court. The trial, therefore, de novo in the circuit court, was a trial as between the plaintiff and both defendants, and the verdict of the jury and judgment in favor of the plaintiff and against both defendants were clearly proper.

[3] The evidence in the case being conflicting, and the motion for a new trial having been denied, the verdict of the jury is conclusive upon this court.

Finding no error in the record, the judgment of the circuit court, and order denying a new trial, are affirmed.