DONAHOE, Respondent, v. ADEBAR et al., Appellants.

(149 N. W. 175.)

1.  **Appeals—Error—Record, Unabridged Transcript in Brief—Affirmance of Judgment.**

    Where appellants, without any effort at condensation or to state the substance of the matters considered material on appeal, inserted from the "settled record," in their statement of the case and brief, portions of the testimony copied verbatim from stenographer's transcript, including objections to evidence and rulings thereon not assigned as error, nor complained of in their brief, and preliminary and introductory questions serving no purpose except to incumber the record and increase the labor of the Court, held, the judgment will be affirmed.

2.  **Record—Redundant Matter in Brief—Respondent's Costs.**

    Where, though appellants inserted in their statement of case and brief immaterial matter serving no purpose except to incumber the record and increase the labor of the Court, respondent, instead of objecting to, or moving to have such statement stricken from the record, showed an even greater disregard for the rules of Court, and filled over 100 pages of his brief with portions of testimony, exhibits, and other immaterial matter, held, that no costs for printing will be allowed respondent, on affirmance.

3.  **Rehearing, Application For—Reprinting of Brief, Petition For—Practice—Burden of Expense—Examination Into Merits.**

    Upon application by appellants for a rehearing, and for leave to reprint their brief to "conform to the practice approved by the Court," it appearing that the merits of the case would have to be examined into, and that considerable labor and expense would result to appellants, if the petition were granted, the Court have examined into the merits as though the rules of Court had been complied with; and the petition is denied.

(Opinion filed October 26, 1914.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by D. J. Donahoe against H. A. Adebar, Gustav A. Adebar, and others. From a judgment for Plaintiff, the Defendants named appeal. Affirmed.

*Null & Royhl,* for Appellants.

*Henry Frawley,* and *S. A. Ramsey (James Q. Louthan,* of counsel), for Respondent.

PER CURIAM. [1-2] This is an appeal by the defendants from a judgment foreclosing a real estate mortgage. There appears to have been a "settled record" prepared and filed in the trial court, and, in preparing the case for this court, the appellants, without any effort at condensation or to state the substance of the matters they consider material on appeal, inserted into their "statement of the case" and brief certain portions of the testimony copied verbatim from the stenographer's transcript of the evidence. Many objections to the admission of evidence and the ruling of the court thereon that are not assigned as error nor in any manner complained of by appellants in their brief are set out in full in the statement of the case; also many preliminary and introductory questions that can serve no purpose upon the appeal except to incumber the record and increase the labor of the court in digging out the material points of the case. Respondent, instead of objecting to appellants' statement of the case or moving to have it stricken from the record, as he should have done, showed even a greater disregard for the rules prescribed for the preparation of records on appeal to this court. Without in any manner complaining of the practice followed by appellants or intimating that their statement of the case, as contained in their brief, is unfair or insufficient, he followed the example of appellants by filling more than 100 pages of his brief with portions of the testimony, exhibits, and other immaterial and unnecessary matter. This method of preparing records on appeal serves only to obscure the questions at issue and increase the labor of the court. It has been so frequently disapproved by the court that all members of the bar of the state ought to be familiar with what the rules of court require should be put into records on appeal. In State v. McCallum, 23 S. D. 528, 122 N. W. 586, this court refused to consider the record on appeal because of the disregard for the rules of court that had been shown by the appellant in the preparation of his record on appeal; and all that is said by the court with reference to the

record in that case applies with equal force to the record in this case. The same is true of Rogers v. Penobscot Mining Co., 26 S. D. 52, 127 N. W. 471. See, also, concurring opinion of Whiting, J., in State v. Sysinger, 25 S. D. 110, 125 N. W. 879, Ann. Cas. 1912B, 997.

It is not necessary to reiterate what is said in those cases; but, because of the condition of the record in this case, the judgment appealed from is affirmed, but no costs for printing will be allowed to the respondent.

## SUPPLEMENTAL OPINION.

Upon the publication of the above opinion, appellants filed a petition for rehearing and asked leave to reprint their brief so that it will "conform to the practice approved by the Court." If this petition were granted, it would not only require an examination into the merits of the appeal by the Court but it would put the appellants to considerable labor and expense in preparing and reprinting their brief. Rather than impose this burden upon them, we have examined into the merits of the case upon the briefs now on file as though the same were in compliance with the rules of the Court. After a careful examination, and upon consideration of the whole case, we are satisfied that the judgment appealed from would have to be affirmed, in any event, and that appellants would not be benefitted, in any manner, by a rehearing. For these reasons, the petition for rehearing is denied, and the former opinion is adhered to.

All the Judges concurring.