LYTLE et al., Respondents, v. McGRUDER et al., Appellants.

(155 N. W. 771.)

(File No. 3867. Opinion filed December 31, 1915.)

**Appeals—Error—Review—Copying Entire Record in Settled Record—Irregularity—Affirmance.**

Where appellants, in preparing the record on appeal, copied as the "statement of the case" the entire proceedings below, commencing with summons and title, and including many lengthy and immaterial exhibits, and all of the testimony by

question and answer, including many irrelevant colloquys between counsel and paying no attention to the statute and rules of the Supreme Court relative to preparation of records on appeal; and, although appellants' attention was called to this condition of the record by respondents in their brief, and on oral argument, no steps were taken by appellant to rectify the record, much time having elapsed the judgment will be affirmed.

Appeal from Circuit Court, Sully County.    Hon. JOHN F. HUGHES, Judge.

Action by Thomas Lytle and another, against John McGruder and others, for foreclosure of a realty mortgage; in which William McGruder, as administrator, was substituted for John McGruder. From a judgment for plaintiff, and from an order denying a new trial defendants appeal.    Affirmed.

*Albert Gunderson*, for Appellants.

*John A. Holmes*, and *Horner, Martens & Goldsmith*, for Respondents.

POLLEY, J.    This is an appeal from a decree of foreclosure of a real estate mortgage and from an order overruling the defendants' motion for a new trial. There was a settled record prepared and filed in the lower court, and appellants, in preparing their record on appeal, copied into their "statement of the case" the entire proceedings that took place in the trial court. This includes the summons with the title of the cause in full. Many lengthy exhibits to which no objections or exceptions were taken, and which could have been covered by a mere statement of their contents or the nature of the instruments, are set out in full. All of the testimony—much of which was received without objection—is set out by question and answer in full. Many colloquies between opposing counsel that have no bearing whatever on the matters in controversy are copied verbatim into appellants' statement. In fact, no attention whatever has been paid to the statute or the rules of this court relative to the preparation of records on appeal. Appellants' "statement of the case," exclusive of the pleadings, covers more than 140 pages of printed matter, while all that is necessary to present the alleged errors complained of would not cover 20 pages. Appellants' attention was called to this condition of the record by respondents in their printed brief, and again at the oral argument. Appellants have been given ample opportunity to take steps necessary to so amend their record

as to make it comply with the statute and the rules of this court, but no move in that direction has been made, and, because of the lapse of time since this matter was called to their attention, we conclude that they do not intend to give the matter further consideration.

The case comes squarely within what is said in Donahoe v. Adebar, 34 S. D. 471, 149 N. W. 175, and the cases therein cited; and, for the reasons given in those cases, the judgment and order appealed from are affirmed.