BLACKBODY, Respondent, v. MAUPIN, sheriff, Appellant.

(162 N. W. 393.)

(File No. 3916.   Opinion filed April 30, 1917.)

1.   **Indians—Non-resident Allottee—Replevin, Indian's Right to Sue In—No Adverse Law, Effect—Statute.**

An Indian allottee, although residing with her husband on another than her own allotment, may sue in state court for possession of her livestock, against sheriff who took it under an execution against her husband; and **held,** further, that unless there is some law prohibiting it, and Indian may sue for redress of wrongs against person or property. **Held,** further, that Code Civ. Proc., Sec. 87, providing that all persons having an interest in the subject of the action, etc., may be joined as plaintiffs, contains no inhibition of such a suit.

2.   **Appeals—Error—Conflicting Evidence—No Reversal.**

Where there is much conflicting evidence, the Supreme Court is not justified in vacating the verdict.

Appeal from Circuit Court, Dewey County.  Hon. RAYMOND L. DILLMAN, Judge.

Action by Angeline Blackbody, against Charles Maupin, as sheriff of Dewey county, to recover possession of livestock. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*George Thwing,* and *Fred B. Dodge,* for Appellant.

*P. C. Morrison,* and *H. G. Fuller,* for Respondent.

(1.)   To point one of the opinion, Appellant cited:  General Allotment Act, Act of February 8, 1887 (V. 25, U. S. Statutes at Large, 1887, Chapter 119, Sec. 6, p. 390) ; Act of Cong. May 8, 1906; United States v. Celestine, 215 U. S. 278-291 ; United States v. Rickert, 188 U. S. 432, V. 28, U. S. Statutes at Large, 305 ; Act of May 8, 1906 (V. 34, U. S. Statutes at Large, Chapter 2348, p. 182) ; Ie re Celestine, 114 Federal 551 ; United States v.

Kagama, 118 U. S. 375-383; United States v. Pelican, 232 U. S. 442; Bem-Way-Bin-Ness v. Eshelby, 87 Minn. 108, 91 N. W. 291.

Respondent cited: Act of Cong. February 8, 1887; Re Heff, 197 U. S. 488, 503, 49 L. Ed. 854; Fed. Stat. Ann. Vol. VI, p. 496; State v. Norris, 37 Neb. 299; Hankey v. Howman, 82 Minn. 328; Fed. Stat. Ann. Vol. VI, p. 496; Fed. Stat. Ann. 1909 Supp. p. 204; Act of Cong. March 2, 1889, Chap. 405, Kappler's Laws and Treaties, Vol. I, p. 331; U. S. v. Celestine, 215 U. S. 278, 291; Const. U. S. Amend. Art. XIV, Sec. 1; Elk v. Wilkins, 112 U. S. 100, 28 L. Ed. 643; Const. U. S. Art. 1, Sec. 2; Sess. Laws 1913, Chap. 195; Civ. Code, Sec. 26; U. S. v. Cruickand, 92 U. S. 542; Elmdorf v. Carmiechael, (Ky.) 14 Am. Dec. 86; Tiger v. Western Investment Co. 221 U. S. 286, 55 L. Ed. 748; Ua-la-note-tke-tynin v. Carter, (Idaho) 53 Pac. 106; Bird V. Winyer, 24 Wash. 269; U. S. v. Sutton, 215 U. S. 291, 296; Const. S. D. Art. VI, Sec. 20; 22 Cyc. 116.

McCOY, J. Plaintiff brought this action in replevin to recover from the defendant, as sheriff, the possession of certain horses, alleged to belong to plaintiff, upon which defendant had made a levy under an execution issued against the property of plaintiff's husband. Upon the trial there was a verdict and judgment for plaintiff, and defendant appeals.

[1] There are two questions presented. It appears that plaintiff is an Indian owning an allotment, but residing with her husband upon another allotment, within the territorial borders of the Cheyenne River Sioux Reservation. The horses were taken from a pasture on the allotment of plaintiff's father. Appellant contends that plaintiff by reason of being such Indian does not possess legal capacity to sue and maintain this action. We are of the opinion that this contention is not tenable. Unless there is some law prohibiting it, an Indian, such as plaintiff, may maintain in the state courts actions for the redress of wrongs against the person or property of such Indian. Section 87, C. C. Pr., contains no such inhibition. There is no such prohibition to be found in the federal laws relative to Indians maintaining suits to redress such wrongs. 22 Cyc. 116; Bem-Way-Bin-Ness v. Eshelby, 87 Minn. 108, 91 N. W. 291; In re Heff, 197 U. S. 488, 25 Sup. Ct. 506, 49 L. Ed. 848; Minder v. Bank, 22 S. D. 14, 114 N. W.

1094; Act Cong. Feb. 8, 1887, c. 119, § 6, 24 Stat. 390 (U. S. Comp. St. 1916, § 3951.)

[2] Appellant also contends that the evidence as to plaintiff's ownership of said property was insufficient to sustain the verdict. There was much conflict in the evidence, and we are therefore of the view that we would not be justified in vacating the verdict. It will serve no useful purpose to detail the evidence. Other assignments of error are made, but no prejudicial error is shown to exist in relation thereto.

The order and judgment appealed from are affirmed.