HALL, Respondent, v. REYNOLDS, Appellant.

(171 N. W. 815).

(File No. 4449. Opinion filed April 18, 1919.)

Brokers—Suit for Sale Commission—Accepted Purchaser Found, Variant Payment Terms—Agency in Third Person, Effect Re Commission.

In a suit to recover a commission upon sale of realty; the evidence disclosing that plaintiff, after being authorized by defendant to sell, found a purchaser of the land at defendant's price,

though on slightly different terms of payment, which terms were accepted by defendant; that the purchaser found was ready, able and willing to purchase at said price and terms; that prior to such sale defendant informed plaintiff by letter that he had placed the land with one W. for sale at the price named, until a certain date, giving him $2 per acre to sell it, and that "if you get a man to buy it write to me or go to W," that after so accepting, defendant wrote plaintiff "I was glad you found a buyer, now go to * * * W, and see him. I think you and he ought to get one-half the commission," etc., in response to which plaintiff wired defendant "* * * W. had nothing to do sale place. Another agent sold it. I told him there was $1. acre in it for him. * * * wire;" that after plaintiff sold the land, defendant, after accepting the terms by plaintiff, sold to another party through W, ignoring plaintiff's sale; that defendant's statement in his telegram of acceptance: "I am writing letter of instruction," had reference only to details of closing the deal, and did not affect the contract of acceptance; **held,** that plaintiff was entitled to a commission under his contract with defendant, regardless of defendant's dealing with W.

Whiting, J., concurring specially.

Appeal from Circuit Court, Lake County. HON. LOUIS L. FLEEGER, Judge.

Action by John Hall, against J. W. Reynolds, to recover a commission on a sale of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Charles J. Porter,* for Appellant.

*Ira F. Blewitt,* for Respondent.

Appellant cited:

King v. Dahl, 84 N. W. 736.

SMITH, P. J. Action to recover commissions on a sale of real estate. The complaint alleges that in the month of August, 1917, defendant was the owner of 231 acres of land in Lake county; that during that month defendant employed plaintiff to find a purchaser for said land; that plaintiff did procure and find a purchaser ready, able, and willing to purchase said premises upon terms demanded by defendant; that plaintiff's services were of the reasonable value of $462. Answer a general denial.

At the close of all the evidence, plaintiff and defendant each having moved for a directed verdict, the jury was excused, and by

consent of both parties the case was submitted to the court, which entered findings of fact, conclusions of law, and judgment favorable to plaintiff. Defendant appeals from the judgment and from an order overruling his motion for a new trial. A number of assignments of error are based upon rulings in receiving and excluding evidence. We have examined these assignments and find none of them prejudicial to appellant or of sufficient importance to warrant discussion. Appellant relies mainly upon insufficiency of the evidence to sustain the findings.

The trial court found that during the latter part of July and first of August, 1917, the defendant, by correspondence, employed plaintiff to find a purchaser for said land upon terms stated; that thereafter the plaintiff found a purchaser at the price stated in defendant's contract of employment, but upon slightly different terms of payment, which terms of payment were submitted to the defendant by plaintiff and were assented to by him; that the purchaser found was ready, able, and willing to purchase said premises from defendant at the price asked by defendant and upon the terms assented to by him, of which fact plaintiff notified defendant; and that plaintiff's services were of the reasonable value of $462.

The record discloses that in the latter part of July, 1917, plaintiff wrote to defendant asking him if he had sold his farm or had given any one the exclusive right to sell it and, if not, plaintiff would like to get a chance to sell it, and asked defendant for his price and terms. In reply to this letter, defendant, on August 4, 1917, wrote to plaintiff:

"I was glad to hear from you. Now I put my place up with N. E. Wadden for sale at $100 per acre, till July 1st, and I gave him $2.00 per acre to sell it; he hasn't sold it yet. He sent me an offer of $90.00 but nothing less than $100 goes; so if you get a man to buy it write to me, or go to Nick Wadden. Write again soon. * * * Want $8,000 down, the rest on plenty of time at 6 per cent. interest, but the crop don't go."

On September 17, 1917, plaintiff telegraphed defendant:

"Have offer $100 per acre for your 240; Will pay $1,000 now; $4,000 first of March, 1918; $1,000 and interest each year for three years; when he has paid $8,000 to get a deed and you take back a

mortgage running ten years with the privilege of paying what he can at any interest paying time. Wire me night letter; this man is all right. He would want possession first of March."

On September 18, 1917, defendant replied by telegram:

"Price and terms at 6 per cent. interest satisfactory. Will send letter of instruction immediately."

Pursuant to the telegram, defendant on September 19, 1917, wrote to plaintiff:

"Well I was glad you found a buyer. Now go to N. E. Wadden and see him. I think you and him ought to get one half the commission; that will be $231.00 each. There is only 231 acres in the farm. Why not get that man to pay $5,000, this fall, and then I can pay off the mortgage of $4,000 and he could move on this fall as Doblar is going to move off. If the deal goes through all right I will come up there when I hear from you and Nick. Let me hear from you right away. You see if Doblar goes off this fall there will be no one on the place this winter. Well, write all the deal and I will come up."

In response to this letter, plaintiff on September 24, 1917, telegraphed defendant as follows:

"Party on receipt of your wire had put up $1,000 earnest money. Nick Wadden had nothing to do sale place. Another agent sold it. I told him there was a dollar acre in it for him. Will you come at once or instruct Lake County Bank to draw the contract. Wire."

The record further discloses that Wadden, having learned that plaintiff had a purchaser for this land at $100 per acre, made a proposition to defendant on behalf of another purchaser on terms more favorable, whereupon defendant entered into a contract with and sold the land to Wadden's client, and thereafter wholly ignored plaintiff and his purchaser, Foley. There is ample evidence in the record to sustain the finding of the trial court that Foley, plaintiff's purchaser, was ready, able, and willing to consummate the sale upon the terms specified in plaintiff's telegram of date September 17th. It cannot be doubted that plaintiff was authorized to find a purchaser for defendant's farm. It is not necessary to determine in this case whether plaintiff was authorized to enter into a written contract with such purchaser, which would be bind-

ing upon defendant. It is clear that defendant accepted by telegram the terms of purchase and sale proposed in plaintiff's telegram of September 17, 1917, and that the concluding sentence of the telegram, "I am writing letter of instructions," had reference only to the details of closing the deal, and to a change in the amount of the cash payment "if such change could be arranged with the purchaser." The record shows that, when defendant sent the telegram of September 17th, he had not received the offer from Wadden, and did not know that Wadden had found a purchaser. But the suggestion that plaintiff attempt to induce the purchaser to make a larger cash payment was not made a condition to defendant's acceptance of the offer made by plaintiff's purchaser, Foley. The suggestion in defendant's letter of September 19th to plaintiff, "Why not get that man to pay $5,000 this fall," was merely a proposal that plaintiff try to have defendant's acceptance of Foley's offer modified to that extent; but the modification was not made a condition of such acceptance.

Plaintiff, having found a purchaser able, ready, and willing to take the land on terms acceptable to and accepted by defendant, was entitled to the reasonable value of such services.

This case falls within the rule announced in the following cases: McLaughlin v. Wheeler, 1 S. D. 498, 47 N. W. 816; Scott v. Clark, 3 S. D. 486, 54 N. W. 538; Huntemer v. Arent, 16 S. D. 465, 93 N. W. 653; Eggland v. South, 22 S. D. 467, 118 N. W. 719; Webb v. Burroughs, 25 S. D. 629, 127 N. W. 623.

The order and judgment of the trial court are affirmed.

WHITING, J. (concurring specially). I could not agree with my colleagues upon the merits of this case. I do, however, concur in the affirmance of the order and judgment appealed from because of the fact that, under the holdings of this court in State v. McCallum, 23 S. D. 528, 122 N. W. 586, Rogers v. Penobscot Mining Co., 26 S. D. 52, 127 N. W. 471, Donahoe v. Adebar, 34 S. D. 471, 149 N. W. 175, and Lytle v. McGruder, 36 S. D. 506, 155 N. W. 771, there is no printed record before us which we are warranted in considering. The defects in appellant's printed record were noted in respondent's brief, and appellant has not sought to file a new brief. Under such circumstances, there remains nothing for us to do but to affirm the lower court.