WILLIAM S. GOOGINS, pro ami, *vs.* ROSCOE L. SKILLINGS, et al.

Cumberland.   Opinion October 31, 1919.

*Equity.   Right of creditor to proceed in State Court to set aside a conveyance fraudu-*
*lent as to him where the grantor has been adjudicated a bankrupt.   Right of*
*trustee in bankruptcy to proceed in State Court to set aside a fraud-*
*ulent conveyance.   Exceptions.   Burden on party taking*
*exceptions to ruling of presiding Justice to show*
*that the ruling is erroneous and that he is*
*aggrieved thereby.*

Bill in equity to set aside a conveyance of certain real estate as fraudulent as
  against the plaintiff, and before the court on appeal and exceptions.
*Held:*
1.   That a creditor may proceed in the State Courts to set aside a transfer fraudu-
  lent as to him, notwithstanding the grantor has been adjudicated a bankrupt,
  when the trustee has not taken action, is well settled, and it is equally well
  settled that a creditor whose claim is not provable in bankruptcy may so pro-
  ceed.
2.   A trustee in bankruptcy may also proceed in the State Courts in behalf of all
  the creditors to set aside a fraudulent transfer or in proper cases may intervene
  in behalf of all the creditors in an action brought by one creditor for that pur-
  pose.
3.   When a party takes exceptions to the rulings of a presiding Justice, it is
  incumbent on such party to show affirmatively that there was error in such
  rulings and that he is aggrieved thereby.

Bill in equity to set aside an alleged fraudulent conveyance.   The
cause was heard upon bill, answer, replication, and proof.   From the
finding of the Justice in favor of plaintiff an appeal was taken by
defendant and exceptions also were filed.   Judgment in accordance
with opinion.

Case stated in opinion.

*W. C. Eaton,* for plaintiff.

*H. C. Sullivan,* Intervening Trustee.

*D. A. Meaher,* for defendants.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

HANSON, J. This is a bill in equity to set aside a conveyance of certain real estate as fraudulent as against the plaintiff, and is before the court on appeal and on exceptions.

The sitting Justice found the following facts:

On the eighteenth day of May, 1916, Roscoe L. Skillings, through the negligent operation of his automobile, ran into the plaintiff and injured him. The defendant, Roscoe Skillings, or his wife, the defendant, Dena Skillings, soon after the injury paid something toward the expenses of the plaintiff at the hospital in response to a demand from the mother of the plaintiff. In November, 1916, the plaintiff through his father as next friend brought an action against the defendant, Roscoe Skillings, and on the 2nd day of April, 1917, recovered judgment for his injuries in the amount of four hundred dollars.

Some five or six years prior to the accident and following their marriage, the defendants in their joint names took the title to a lot of land in Scarboro and later built a dwelling house and other buildings thereon in which they lived. On the 24th day of June, 1916, or about five weeks after the accident, Roscoe Skillings conveyed to his wife, the defendant, Dena Skillings, without any valuable consideration, all his interest in the property then held in their joint names, and about the same time transferred to his brother the automobile which he was operating at the time of the accident, which included all the attachable property then belonging to him or standing in his name or in his possession.

· The reasons assigned for these transfers following so soon after the accident, were:

That the real property was purchased with money belonging to the wife and the buildings were built solely with her funds earned and saved by her and the title was taken in their joint names so that he could buy the lumber as her agent when they proceeded to build, and for the purpose of giving the husband a financial standing and a basis for credit, but only until he went into some business for himself when it was to be transferred to the wife. He went into the business of landscape gardening for himself about the first of April, 1916, and prior to that time had been employed by someone else in a similar line

of work, in which his only requirements for credit seem to have been in the event of the purchase of gardening tools; that the automobile was transferred to the brother because the brother had signed notes with him to pay for it when he bought it. The automobile has since been recovered for the benefit of the creditors. On March 26, 1917, the defendant, Roscoe Skillings, filed a voluntary petition in bankruptcy in which his provable debts amounted to less than $120.00, of which $40.00 were for counsel fees apparently incurred prior to the bankruptcy proceedings; and on March 31st, he was adjudged a bankrupt. On the 18th day of April, 1917, the intervening petitioner, Henry C. Sullivan, was appointed trustee and duly filed his bond. Date of hearing, January 26th, 1919.

On the twenty-fourth day of April, 1917, this bill was filed to set aside the conveyance of the real estate as fraudulent against this plaintiff, being a subsequent creditor, and on the 7th day of the following May the trustee in bankruptcy was allowed to intervene and become a party to these proceedings.

The court further finds "that the evidence sustains the allegations in the plaintiff's bill that this transfer was fraudulent as to the plaintiff and was intended to defeat and delay him in collecting any claim he might have against the defendant by reason of having been run into by said defendant's automobile."

The sitting Justice also found "that the evidence did not disclose whether there were any existing creditors at the time of the transfer and, if not, the evidence does not disclose an intent to defraud any subsequent creditors except the plaintiff. Therefore the right of the trustee in bankruptcy in these proceedings to relief in behalf of other creditors, is not proven."

The exceptions taken were to the jurisdiction of the court, to a refusal to adopt certain requested findings, to overruling the demurrer inserted in defendant's answer, to the admission of testimony of the referee in bankruptcy, and to the refusal of the presiding Justice to dismiss the bill.

In each of the foregoing instances the reasons underlying the exceptions are the same,—a challenge to the equity powers of the court in view of the bankruptcy of the defendant, Roscoe L. Skillings.

That a creditor may proceed in the State Courts to set aside a transfer fraudulent as to him, notwithstanding the grantor has been

adjudicated a bankrupt, when the trustee has not taken action, is well settled, and it is equally well settled that a creditor whose claim is not provable in bankruptcy may so proceed.

A trustee in bankruptcy may also proceed in the State Courts in behalf of all the creditors to set aside a fraudulent transfer or in proper cases may intervene in behalf of all the creditors in an action brought by one creditor for that purpose.    Collier on Bankruptcy, page 1178; *Thompson* v. *Robinson*, 89 Maine, 46.

The finding of the sitting Justice, however, renders further consideration of the exceptions unnecessary, inasmuch as his conclusion is "that the right of the trustee in bankruptcy in those proceedings to relief in behalf of other creditors is not proven."    Moreover, it does not appear that the rulings complained of were erroneous, or that the defendant was aggrieved thereby.    When a party takes exceptions to the rulings of a presiding Justice, it is incumbent on such party to show affirmatively that there was error in such rulings and that ·he is aggrieved thereby.    *Moore, Appellant*, 113 Maine, page 195.

We have read the record with great care and we are unable to say that the findings of the sitting Justice are incorrect.    On the contrary, we are very clear that no other conclusion could fairly be reached, and this, while deprived of seeing and hearing the witnesses and the opportunity to judge of their credibility, an advantage possessed by the sitting Justice, and necessarily entering into his consideration of the equities involved.    We find no error.

The entry will be,

> *Bill sustained.*
> *Exceptions overruled.*
> *Appeal dismissed.*
> *Decree of the sitting Justice*
>     *affirmed.*