MUNDON, Appellant, v. GREENAMEYER, et al, Respondent.

(184 N. W. 257.)

(File No. 4860.    Opinion filed August 31, 1921. ˙Rehearing denied
November 22, 1921.)

1. **Sales—Breach of Warranty—Damages Re Diseased Livestock Sold—Return of Livestock, Acceptance "In Full Settlement" of Sale Debt and Claims—Evidence, Whether Showing Satisfaction of Damages From Breach of Warranty—Question for Jury—Instruction.**

Plaintiff, suing for damages for breach of warranty on a sale by defendants to him of certain Hereford heifers sold upon representations that they would deliver calves during the following spring, plaintiff giving his note for ˙entire purchase price with chattel mortgage on the stock, due in six months, with agreement to renew at maturity for another six months; plaintiff having wintered the stock with abundant feed, shelter and water, but during the following calving season heifers were affected with Infectious Abortion, by reason of which 4 head did not calve and 46 lost their calves, only 20 producing healthy. ones; defendants upon learning these facts having advised plaintiff to hold the cattle, that they would gain in weight and make plaintiff money, if given special care; the note and mortgage being renewed accordingly; plaintiff in following September having without previous notice shipped 2 carloads of said cattle to defendants, one of whom sold them and advised plaintiff to feed balance and he would send a man to see about them, this being done, plaintiff turning over balance to him, including the calves; plaintiff alleging the securities were to be surrendered and defendants were to reimburse plaintiff for damage he had sustained from purchasing diseased cattle; defendants alleging that the returned stock was accepted in full settlement of mortgage indebtedness and all claims arising out of the transaction; plaintiff and said defendant testifying respectively as claimed.    **Held**, that the evidence was sufficient to justify submission to jury of the issue as to settlement; since it involved credibility of witnesses, in which case Court may not disturb jury's verdict; and trial court properly. so instructed and that verdict must be for defendants if found that they had been ready, able and willing to perform their agreement.

2. **Appeals—Error—Directing Verdict—Non reversal Where Other Directed Verdict Non-justified.**

A verdict will not be reversed on appeal where trial court would not have been justified in directing different verdict.    So **held**, where trial court specifically and distinctly submitted the issue of settlement of transaction of sale involving warranty

of livestock sold and which had been returned by vendee, under the issue as to whether such return was in full settlement of all claims and demands arising out of transaction.

3. Appeals—Error—Conflicting Evidence, New Trial Denied, Jury's Verdict Conclusive—Contradictory Evidence, Immaterial.

Where the evidence is conflicting and motion for new trial has been denied, verdict of jury is conclusive on appeal; the only question being whether there is sufficient evidence to support verdict, and contradictory evidence is immaterial.

4. New Trials—Newly Discovered Evidence—Evidence Irrelevant to Main Issue, Evidence Re Latter Sufficient, Other Evidence Immaterial, Rulings Re Non-prejudicial.

Where motion for new trial is based in part on alleged newly discovered evidence, which evidence related to matters other than the defense of settlement of a transaction of sale of livestock pursuant to which the cattle had been returned, and is therefore irrelevant; held, that where evidence sustains one of several defenses, alleged error re evidence relating to other defenses is irrelevant and becomes immaterial, and its wrongful exclusion or admission is non-prejudicial.

5. New Trials—Common Law Rule That Prejudice Presumed From Eror, as Abandoned Theory—Record to Show Prejudicial Error—Statute.

The common law rule that prejudice is presumed when error appears has been abandoned, or changed by statute, in many states, the adjudicated cases holding that record must not only affirmatively disclose error, but that error was prejudicial; the rule in this state being, that an exception must relate to a material point, and it must clearly appear from record that the effect thereof "was prejudicial to the party excepting" (Sec. 2544, Code 1919.)

6. Verdicts—General Verdict as Finding on Each of Several Causes of Defenses—Error Solely Re One Cause of Defense, Whether Prejudicial to Each—Rule Stated Re Statute—Appellant's Burden.

Courts uniformly hold that a general verdict is presumptively a general finding on each of several causes of action, or on each of several defenses pleaded; it cannot be presumed that an error relating only to one of several causes of action or defenses is prejudicial to each, but under Sec. 2544, Code 1919, such error affects only the one separate cause of action or defense to which it relates, and appellant has burden to show verdict was founded upon the particular defense involved in alleged error, and not upon defense wherein no error appears.

Whiting, J., not sitting.

Appeal from Circuit Court, Spink County.. Hon. ALVA E. TAYLOR, Judge.

Action by N. E. Mundon, against A. G. Greenameyer and Joe Marso, to recover damages for alleged breach of warranty under a contract of sale of livestock by defendants to him. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*W. F. Bruell,* for Appellant.

*M. Moriarty,* for Respondents.

SMITH, J.  Plaintiff was engaged in farming and stock-raising in Spink county.  The defendants were dealers in cattle, and had on hand at Harrold a large herd of Herefords.  In January, 1917, the plaintiff purchased of defendants 70 head of heifers out of said herd, which defendants stated would deliver calves during the spring of 1917; the agreed price was $60 a head. Plaintiff also purchased two bulls, three years old, at the agreed price of $100 per head.  The total purchase price was $4,400. Plaintiff paid no part of the purchase price, but gave his note and a chattel mortgage on the stock, due and payable in six months, with an agreement that the same should be renewed at maturity for an additional six months.  Plaintiff stated to defendants that he was purchasing said stock to place on his farm for breeding purposes, and to secure a crop of calves the ensuing spring.  The defendants selected the heifers from the herd, and assured plaintiff that they were suitable for breeding purposes, and were all right, and such as he desired.  The cattle were delivered at Redfield, and placed upon plaintiff's farm about three miles north.  The plaintiff had abundance of feed and water and good shelter and barns for the stock during the winter.  During the calving season the spring of 1917; it developed that the heifers were afflicted with an infectious disease known as infectious abortion, by reason of which 4 of said heifers did not calve and 46 lost their calves, and only 20 produced healthy calves.  When plaintiff learned that the cattle were diseased he communicated the facts to the defendants, who advised plaintiff to hold the cattle, assuring plaintiff that the cattle would get well, and he would come out all right, that the cattle would gain in weight and make plaintiff money at prices which could be obtained in the fall, and advised plaintiff to feed them and give them special care.  The note and mortgage became due in July, and in accordance with the agreement, was renewed for another six months, and another

mortgage given on the cattle for the amount of principal and interest then due. In September, 1917, without notice to defendants, plaintiff shipped two carloads of said cattle to the defendants at Sioux City, whereupon the defendant Greenameyer, in charge of defendants' business at that place, received and sold said cattle, and advised plaintiff to feed the balance of the cattle, and that he would send a man up there to see about them; that thereafter in October defendants sent a man to Redfield, and the plaintiff turned over the balance of the cattle, including the calves, at which time plaintiff alleged it was understood that the notes and mortgage were to be surrendered to the plaintiff forthwith and canceled, and that the defendants were to reimburse plaintiff for such damage as he had sustained by reason of the purchase of the diseased cattle. Thereafter this suit was instituted by plaintiff to recover damages for the alleged breach of warranty of soundness and fitness of the stock for the purpose for which it was purchased.

The defendants by their answer admitted the purchase and sale of the stock as alleged by plaintiff, but denied that the same were diseased when delivered to plaintiff. By way of further defense the defendants alleged that the stock was turned over to them by plaintiff in the fall of 1917 and accepted in full settlement of the mortgage indebtedness, and of all claims and demands arising out of the transaction.

At the trial plaintiff testified that the cattle were turned over to defendants in full settlement and satisfaction of the note and mortgage, but not in satisfaction of his claim for damages arising from the breach of warranty. On the other hand, the defendant Greenameyer testified, in substance, that it was expressly agreed and understood that the transaction was to be a complete settlement and adjustment of all claims.

The trial court submitted this issue to the jury by the following instruction:

"The defendants in their answer further claim that some time during the fall of 1917 the defendant Greenameyer and the plaintiff had a conversation in which the matter of settlement of the entire cattle deal was considered and discussed, and that it was then agreed between the said parties that the plaintiff was to deliver or surrender to the defendants the remainder of the cattle

and their offspring; that the defendant Greenameyer was to return and surrender to the plaintiff his notes given for the purchase price of the cattle, and that such exchanges of property were to complete and be full settlement of all matters connected with the purchase of said cattle by plaintiff from defendants. * * * I further instruct you as a matter of law that if you find that the cattle were surrendered to and accepted by the defendants in accordance with an agreement made between the parties, and that agreement was as claimed by the defendants, your verdict must be in favor of the defendants, if you find that they have been ready, able, and willing to perform their part of the agreement."

The jury returned a verdict for defendants, and plaintiff appeals from the judgment and an order denying a new trial.

[1] We are of the view that the evidence was sufficient to require a submission to the jury of the issue as to settlement. It involved the credibility of witnesses, and in such case the court is not warranted in disturbing the verdict of the jury. Blackbody v. Maupin, 38 S. D. 621, 162 N. W. 393; Kamp v. Madison, 38 S. D. 432, 161 N. W. 809.

[2, 3] A verdict will not be reversed on appeal, where the trial court would not have been justified in directing a different verdict. Taylor v. White River Valley R. Co., 29 S. D. 12, 135 N. W. 758. The trial court by its instructions specifically and distinctly submitted the issue of settlement as a separate and independent defense, and the verdict upon that issue turned wholly upon the credibility of witnesses. Where the evidence is conflicting and the motion for a new trial has been denied, the verdict of the jury is conclusive upon appeal. Peters v. Kirkiakedes, 27 S. D. 371, 131 N. W. 316; Barnard v. Tidrick, 35 S. D. 403, 152 N. W. 690. In such case the only question is whether there is sufficient evidence to support the verdict, and evidence contradictory thereof is wholly immaterial. Oakland v. Nelson, 28 N. D. 546, 149 N. W. 337. The trial court having denied a new trial, such verdict is conclusive upon this court. Lunschen v. Barnhart, 27 S. D. 449, 131 N. W. 501.

[4] Plaintiff's motion for a new trial was based, in part, upon alleged newly discovered evidence. It is sufficient to observe that the newly discovered evidence relates wholly to matters

other than the defense of settlement, and is irrelevant to that issue. Where there is evidence sufficient to sustain one of several distinct defenses, alleged errors as to matters of evidence relating wholly to other defenses is irrelevant and becomes immaterial, and the wrongful exclusion or admission of such evidence would be nonprejudicial error.

[5]    The case of Maryland v. Baldwin, 112 U. S. 490, 5 Sup. Ct. 278, 28 L. Ed. 822, is relied upon as sustaining a contrary view. That case evidently was controlled by the common-law rule that prejudice is presumed when error appears. In Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835, Mr. Justice Gray remarked:

"By the common law, indeed, a general verdict and judgment upon several counts in a civil action must be reversed on writ of error if only one of the counts is bad. But Lord Mansfield 'exceedingly regretted·that ever so inconvenient and ill-founded a rule should have been established,' and added, 'What makes this rule appear more absurd is that it does not hold in the case of criminal prosecutions.'"

The common-law rule has been abandoned, or changed by statute, in many states. National Bank v. Whitney (Cal. App.) 180 Pac. 845; Googins v. Skillings, 118 Me. 299, 108 Atl. 50; Shelton v. Snydor, 126 Va. 625, 102 S. E. 83; Cuddahy v. Gragg (Cal. App.) 189 Pac. 721; Ex parte Blodgett (Iowa) 163 N. W. 342; Cox v. Chase, 99 Kan. 740, 163 Pac. 184.

These cases and many others which might be cited hold that the record must not only affirmatively disclose error, but also that the error was prejudicial. In ex parte Blodgett, supra, it is held that error does not raise a presumption of prejudice. The statutory rule in this state is that an exception must relate to a material point, and it must clearly appear from the record that the effect thereof "was prejudicial to the party excepting." Code 1919, § 2544.

[6].  The courts quite uniformly hold that a general verdict is presumed to be a general finding upon each of several causes of action, or upon each of several defenses pleaded. Rhoads v. City of Metropolis, 36 Ill. App. 123. Certainly it can hardly be presumed that an error which relates only to one of several causes of action, or to one of several defenses, is prejudicial to each

separate cause of action, or to each separate defense. On the contrary, we think it must be presumed under our statute that such an error affects only the one separate cause of action or defense to which it relates. Union Traction Co. v. Barnett (Ind. App.) 127 N. E. 287. Under our statute the burden is upon appellant to make it appear from the record that the verdict of the jury was founded upon the particular defense to which he alleged errors relate, and not upon the defense wherein no error appears. Certainly appellant's record fails to do that in this case.

All the other numerous assignments of error in the record pertain to matters which arose in connection with issues other than that involved in the defense of settlement, and require no further consideration.

The order and judgment of the trial court are affirmed.

WHITING, J., not sitting.