Note.—Reported in 207 N. W. 463. See, Headnote (1), American Key-Numbered Digest, Specific performance, Key-No. 97(3), 36 Cyc. 703; (2) Time, Key-No. 10(10), 38 Cyc. 330.

Rule as to computation of time when Sunday is first or last day, see notes in 49 L. R. A. 203, 15 L. R. A. (N. S.) 687, 38 L. R. A. (N. S.) 1162.

On time as affecting right to specific performance, see Pomeroy's Equity Jurisprudence, Vol. 4, Sec. 1408.

---

MILLER, Appellant, v. JOHNSON, Respondent.

(207 N. W. 478.)

(File No. 5577.   Opinion filed February 24, 1926.)

1.  **Appeal and Error—Verdict.**

Verdict resolves any conflict in evidence in respondent's favor.

2.  **Appeal and Error—Verdict.**

Evidence is construed most favorably to respondent's contentions in determining its sufficiency to support verdict.

3.  **Brokers—Bills and Notes—Consideration—Consideration of Note Knowingly Given to Agent for Services in Negotiating Purchase Did Not Fail Because Maker Entered Into Contract Direct With Owner on Slightly Different Terms.**

Where defendant entered into contract with plaintiff real estate dealer, or middleman, for the purchase of certain property, subject to approval of owner, and gave plaintiff a note for his services, the fact that defendant later entered into a contract directly with the owner of the property for its purchase on slightly different terms did not defeat consideration for such note, and plaintiff was entitled to recover thereon because his negotiations resulted in the sale.

4. **Brokers.**

　　One acting as middleman in negotiating sale of property is entitled to receive compensation from both parties to the transaction.

5. **Brokers—Middleman Who Originated Negotiations Which Finally Resulted in Sale Entitled to Compensation, Though Purchaser Finally Contracted Direct With Owner.**

　　Where middleman orginated the negotiations which finally resulted in sale of property to defendant, he was entitled to compensation therefor, though defendant finally contracted directly with the owner.

　　　　Dillon, J., dissenting.

Appeal from Circuit Court, Hand County; Hon. John F. Hughes, Judge.

Action by Peter J. N. Miller against J. W. Johnson. Judgment for defendant, and plaintiff appeals from judgment and from order denying new trial. Reversed and remanded for further proceedings.

*Crawford & Crawford,* of Huron, for Appellant:

*H. J. Bushfield* and *Frank R. Fisher,* both of Miller, for Respondent.

　　(3) To point three of the opinion, Appellant cited: Jordan v. Anderson, 36 S. D. 508; Langford v. Issenhuth, 28 S. D. 451; Ranney v. Donovan (Mich.), 44 N. W. 276; McGinty v. Reynolds, 28 S. D. 248; Huntemer v. Arent (S. D.), 93 N. W. 653; Peterson v. King, 40 S. D. 150.

　　(4) To point four, Respondent cited: McGinty v. Reynolds, 133 N. W. 281.

MORIARTY, C. This action was brought by appellant to recover on a promissory note. The complaint is in the usual form for an action on a note, sued upon by the original payee. Respondent, in his answer, admits the signing and delivery of the note, but pleads as a defense total failure of consideration.

The record shows little or no conflict of evidence material to the issues.

The facts are as follows: In the month of April, 1919, appellant was engaged in the real estate business at Miller. About April 9th of that year negotiations between the parties to the action resulted in their entering into a written contract whereby the

respondent agreed to buy, and appellant agreed to cause to be conveyed to respondent, a certain tract of land in Hand county, at an agreed purchase price of $49,000. Of this purchase price $5,000 was to be paid in cash at the time of making the contract; $11,500 to be paid March 1, 1920; and the remaining $32,500 to be paid 5 years after March 1, 1920. Interest at 6 per cent from date to be paid on all deferred payments, and the purchaser to have possession of the land on March 1, 1920, and at that time to receive warranty deed and give mortgage back to secure the $32,500 deferred payment.

This contract was made subject to approval of the owner of the land, and provided that in case the owner did not approve the contract, or there was a failure to show good title in grantor within 30 days after deferred payment should become due, the cash payment was to be refunded and the contract canceled, otherwise the parties to be bound thereby. At the time this contract was signed the respondent gave appellant a check for $5,000 and the note for $1,500 sued upon in this action.

The land was owned by the First National Bank of Sioux City, and J. D. McCullen of Miller claimed to have exclusive authority from the bank to act for it in negotiating a sale of the land. Prior to making the contract with respondent, the appellant had reported to McCullen that he had a prospective purchaser for the land, and had been quoted a price thereon. Immediately after entering into said contract with the respondent, appellant notified McCullen of the transaction, and asked to have the bank's approval of the contract. After communicating with the bank, McCullen informed appellant that the only contract which the bank would sign would be one showing the sale to be made at a price of $47,495, the actual amount to be paid to the bank for the land. Appellant notified respondent of this fact, and thereafter negotiations took place between respondent, appellant, and McCullen, which negotiations resulted in the making of a second contract which was signed by respondent and the bank. This contract provided for the conveyance of the land at a purchase price of $47,495, payable $5,000 cash, $10,000 March 1, 1920, the balance, $32,495, 4 years after March 1, 1920, deed and mortgage back to be exchanged on March 1, 1920, but purchaser to have the rentals of the land for the year 1919, to pay the taxes for the

year 1919, and to pay 6 per cent interest on all deferred payments from the date of the contract.

Before entering into this second contract, McCullen told respondent that, if he did not sign this contract, his payment would be refunded to him and the deal called off. After this second contract was signed, appellant turned over to McCullen a draft for $5,000 to cover the first payment on the land, and notes payable to the Sioux City Bank evidencing the $10,000 payment to be made March 1, 1920, and the $32,495 payment to be made 4 years later were also signed and delivered to McCullen.

Respondent admits that, when he signed the $1,500 note sued upon, he knew that it was to be paid to appellant for services in the sale negotiations. But he says that immediately after he signed the second contract he demanded the return of this note, on the theory that the first contract had been abandoned, and that in the making of the second contract he was dealing directly with McCullen.

McCullen testified that the appellant arranged with a local lawyer for the drawing of the second contract; that he, McCullen, was not present when this contract was executed by respondent; that, after it was executed, this contract, the draft for $5,000 and the other papers were turned over to him in a Miller bank; that appellant was present at the time; and that all his transactions in the matter were with appellant.

Appellant denies that respondent ever demanded the return of the $1,500 note, and he says that, after the maturity of the note, respondent asked for further time for meeting the payment. Respondent denies that he ever made any such request. The case was tried to a jury. There was no motion for direction of a verdict, nor were there any exceptions taken to the instructions given by the court. The jury returned a general verdict in favor of respondent, and, after the denial of appellant's motion for a new trial, this appeal was taken from the judgment entered in accordance with said verdict and from the order denying a new trial.

We are satisfied that there is no reversible error in the record of the proceedings at the trial. This being true, the only question remaining is that of the sufficiency of the evidence to support the verdict.

[1, 2]   The verdict resolves in respondent's favor any conflict in the evidence.   Hence ,in determining whether the evidence is sufficient to support the verdict, we must give to the evidence the weight and construction most favorable to respondent's contentions.   But, unless the evidence as so construed shows a total failure of consideration for the note, the judgment cannot stand. Respondent admits that at the time he signed and delivered the note he knew; that this payment was to go to appellant for his services in the transaction.   It is undisputed that McCullen represented the vendor.   Respondent admits that he knew this when he made the second contract.   He admits that he was told that his payment would be refunded if he did not see fit to sign the second contract directly with the vendor.   It is also undisputed that appellant received no compensation from the vendor.   Under these circumstances what is the position of the appellant in the transaction, and what are his rights?

When respondent signed the $1,500 note payable to appellant, he knew this represented payment for services.   He knew, therefore, that the owner of the land was to get only $47,500 of the purchase price of $49,000.   He entered into his contract with appellant knowing this.   Later he entered into a contract with the owner whereby this owner was to get $47,495 of the purchase price.   This was $5 less than he originally understood the vendor was to get; the difference being due to the fact that the land contained a small fraction of an acre less than it was originally figured at.   Besides this, the original agreement was modified by providing that the respondent was to have the 1919 crop and to assume some additional payments, apparently in consideration of getting this additional year's crop.   He was given the opportunity to cancel his original contract with appellant and recover his payment if he did not see fit to accept the modifications demanded by the vendor.   Had he chosen to cancel the contract and demand the refund of his money, he would have been entitled to the surrender of the $1,500 note as well as the $5,000 cash payment. But, when he chose to accept the modified contract, he had no more right to recall the note than to recall the $5,000.   When he made the note, knowing that appellant was to have that part of the $49,000, for his services, he thereby accepted those services in securing for him the opportunity to purchase the land.   After-

ward he fully availed himself of those services by completing his purchase of the land on terms varying but slightly from those originally agreed upon.

[3] Under such circumstances the evidence, construed in the light most favorable to the respondent, does not show a failure of the consideration for the note.

· [4] Appellant in this transaction was acting as a dealer or middleman, and as such was entitled to receive compensation from both parties to the transaction. Langford v. Issenhuth, 134 N. W. 889, 28 S. D. 451. If entitled to receive compensation from both, he is certainly entitled to collect what either party knowingly agreed to pay him for such services.

[5] The fact that respondent finally contracted directly with the vendor does not defeat the appellant's right to compensation, if in fact he originated the negotiations which finally resulted in the sale. Langford v. Issenhuth, supra; Friar v. Smith, 79 N. W. 633, 120 Mich. 411, 46 L. R. A. 229; Hogle v. Meyering, 126 N. W. 1063, 161 Mich. 472; Eggland v. Smith, 118 N. W. 719, 22 S. D. 467; Hall v. Reynolds, 171 N. W. 815, 41 S. D. 576; Jensen v. Bowen, 164 N. W. 4, 37 N. D. 352; Farmer v. Holmes, 160 N. W. 143, 35 N. D. 344.

The compensation was earned when the vendor and vendee entered into a contract, and appellant's efforts were the efficient cause of the negotiations leading up to the contract. Mattes v. Engel, 89 N. W. 651, 15 S. D. 330.

There is nothing unusual in the transaction whereby a middleman secures a purchaser who agrees to pay him a certain price for land and the vendor accepts a lesser price from the purchaser, leaving to the dealer the difference in price for his profit or compensation. The deal in this case was peculiarly candid and above board, in that the respondent admits that he knew in advance what appellant's profit was to be, and ratified the taking of the profit by giving appellant his note for the amount.

The judgment and order appealed from are reversed, and the case remanded for further proceedings according to law.

CAMPBELL, J., concurs in the result.

DILLON, J. (dissenting). This action was brought to recover on a promissory note.

Plaintiff herein was engaged in the real estate business in Miller, this state. It is alleged that the First National Bank of Sioux City, Iowa, owned a farm situated northwest of said city of Miller, consisting of six quarter sections of land, and known as the Esher farm. A price on this land was given to the real estate men of Miller, including plaintiff herein. Plaintiff entered into a deal with defendant in regard to said farm, and defendant agreed to take said farm if plaintiff could deliver it at $45 per acre. Plaintiff later told defendant that the owner wanted $49,000 for the farm, and defendant agreed to take said farm at this price. A contract (Exhibit A) was drawn up by plaintiff in his office and signed by defendant, and defendant gave his check to plaintiff in the amount of $5,000 earnest money. The provisions of the contract (Exhibit A) material to this action are that the purchase price of said farm was to be $49,000, the payments to be made as follows: $5,000 in cash; $11,500 on March 1, 1920; a mortgage to be given for the balance of $32,500 due in 5 years from March 1, 1920. An item of $1,500 was separated from the payment of $11,500 and a note for such amount made out payable to plaintiff; it being understood by all of the parties concerned that this was to be plaintiff's commission for his services. This note of $1,500 is the note now being sued upon. A few days later plaintiff informed defendant that the owners of said farm would not approve the sale under the contract (Exhibit A), and another contract (Exhibit 2) was drawn up by one of the attorneys of Miller. Defendant, by this time, had learned that J. T. McCullen was the direct agent for the owners of said farm, and it was at the suggestion of said McCullen that plaintiff had an attorney draw up the contract. The provisions of this contract (Exhibit 2) material to this case are that the purchase price was just $1,495 less than the purchase price of the first contract; $5,000 was to be paid down; $10,000 was to be paid March 1, 1920; and the balance of $32,495 was in the form of a mortgage, to become due March 1, 1925. Under the terms of the first contract (Exhibit A), possession of the land was to be given to defendant when full settlement was made on March 1, 1920. Under the terms of the second contract (Exhibit 2), defendant was to have full possession on March 1, 1920, but was to have the rent for the year commencing March 1, 1919, and was to pay all of the taxes and as-

sessments for the year 1919, and each succeeding year during the life of the contract. The second contract (Exhibit 2) was signed and sent to the bank at Sioux City, Iowa (owners of the land), together with defendant's check for $5,000, and was accepted by said bank. Three years later plaintiff brought this action to recover on said note of $1,500. The action was tried to a jury, and a verdict was brought in for defendant upon which judgment was entered. Plaintiff made a motion for a new trial, which motion was denied, and this appeal is taken solely from the order denying a new trial.

Plaintiff contends that the two contracts executed were part of one transaction, and that defendant is therefore liable on the $1,500 promissory note executed by him in favor of plaintiff.

Defendant contends that said note for $1,500 was executed under the terms of the first contract (Exhibit A), and that the farm was not delivered under this contract, and that, therefore, he is not liable on said promissory note.

The testimony of defendant and plaintiff regarding the issues material to this action is in direct conflict. The evidence was all fairly submitted to the jury, and plaintiff did not take exception to the charge as given. The court below had an opportunity to review the evidence on the motion for a new trial, but such motion was denied. Where the evidence is conflicting, and the motion for a new trial has been denied, the verdict of the jury is conclusive upon appeal. Peters v. Kiriakedes, 131 N. W. 316, 27 S. D. 371; Barnard v. Tidrick, 152 N. W. 690, 35 S. D. 403; Mundon v. Greenameyer, 184 N. W. 257, 44 S. D. 440.

I think the order of the lower court denying a new trial should be affirmed.

Note.—Reported in 207 N. W. 478. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1002, 4. C. J. Sec. 2836; (2) Appeal and error, Key-No. 930(1), 4 C. J. Sec. 2715; (3) Brokers, Key-No. 57(2), 9 C. J. Secs. 89, 95; (4) Brokers, Key-No. 67(1), 9 C. J. Sec. 76; (5) Brokers, Key-No. 56(1), 9. C. J. Sec. 99.

Right of real estate broker who acts for both parties to commissions, see notes in 45 L. R. A. 44; 24 L. R. A. (N. S.) 659.